# EXHIBIT I

Consult your Lawyer before signing this mortgage — it has Important legal Consequences

# SUBORDINATE MORTGAGE

This Mortgage is made and dated March 18, 2010
Between    Ronald Pasquale and Colleen M. Pasquale, Husband and Wife

**Borrower**
Address: Include no., street, municipality, county, state, and zip.
771 Maple Avenue
Brick Township, Ocean County, New Jersey 08724

(from now on called the "Borrower")

**Lender**
Address: Include no., street, municipality, county, state, and zip.
And    Influential Partners, LLC
2560 Route 22 East, Suite 306
Scotch Plains, Union County, NJ 07076

(from now on called the "Lender")

The words Borrower and Lender include all borrowers and all lenders under this Subordinate Mortgage (from now on called the "Mortgage"). The Lender and any other holder of this Mortgage may transfer this Mortgage and the Mortgage Note it secures. The word Lender includes (a) the original Lender and (b) anyone who takes this Mortgage by transfer.

**Note**
1. The Borrower is borrowing the sum of FORTY NINE THOUSAND FIVE HUNDRED AND NO/100 Dollars ($ 49,500.00 ) (from now on called the "principal") from the Lender. In return for this loan which the Borrower has received, the Borrower has signed a Mortgage Note dated March 18, 2010 (from now on called the "Note"). In the Note the Borrower promises to pay the principal to the Lender with interest at the yearly rate of 14 % from XXXXXXXXXXXXXXX by making *interest only* monthly payments of $121.83 ** . The Note shall be paid in full by September 23, 2010. *March 23, 2010

The Note describes charges the Borrower must pay for late payments of principal and interest. It also describes the rights given to the Borrower to pay the principal before it is due.

All of the terms of the Note are made part of this Mortgage.

**Mortgage as Security**
2. The purpose of this Mortgage is to give the Lender security for the payment of the principal and interest under the Note. The Borrower mortgages to the Lender the property described in (a) through (d) below (from now on called "the Property"):

(a) All of the land located in the Township    of Brick
County of   Ocean    and State of New Jersey, specifically
described as follows:

See description attached



I HEREBY CERTIFY THE FOREGOING TO BE A TRUE COPY
SCOTT M. COLABELLA
OCEAN COUNTY CLERK
By: _____ Special Deputy Clerk
Date January 8, 2016

** Interest Only payment was calculated as follows:
Total Interest due:     $3,465.00
Less Prepaid Interest:  -$2,733.98
Interest Balance:       $  731.02    This amount is spread over a six month period @ $121.83 per month.

Street address 771 Maple Avenue

Municipal tax map designation: Lot No. 7.07    Block No. 1212

This Mortgage was prepared by
_____
Patricia A. Fitzgerald, Esq.
Signature

(5) NY
$70 CASH

INSTR # 2010026052
OR BK 14557 PG 1711
RECORDED 03/26/2010 10:41:37 AM
CARL W. BLOCK, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY

Book14557/Page1711


First American
Title Insurance Company

SCHEDULE C
LEGAL DESCRIPTION

File No. TRT3806                                            Commitment No. TRT3806

ALL that certain lot, parcel or tract of land, situate and lying in the Township of Brick, County of Ocean, State of New Jersey, and being more particularly described as follows:

BEING known and designated as Lot 7.07 in Block 1212 as shown on map entitled "Amended Final Major Subdivision, Amy Estates, Section 1-A" filed on March 23, 1990 on Map No. H-2279.

BEGINNING at a point on the westerly right of way line of Maple Avenue being a distance of 100.00 feet from its intersection with the northerly right of way line of South Lake Court; thence

(1) Along the westerly right of way line of Maple Avenue, South 25 degrees 34 minutes 30 seconds West, a distance of 85.00 feet to a point of curvature; thence

(2) Along a curve to the right, with a radius of 15.00 feet and an arc length of 23.56 feet to a point of tangency; thence

(3) Along the northerly right of way line of South Lake Court, North 64 degrees 25 minutes 30 seconds West, a distance of 85.00 feet to a point; thence

(4) North 25 degrees 34 minutes 30 seconds East, a distance of 100.00 feet to a point; thence

(5) South 64 degrees 25 minutes 30 seconds East, a distance of 100.00 feet to the point and place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 7.07 in Block 1212 on the Township of Brick Tax Map. Premises more commonly known as 771 Maple Avenue, Brick, NJ.

New Jersey Land Title
Insurance Rating Bureau
ALTA Plain Language Commitment 2006
New Jersey Variation

NJRB 3-08
Eff 2/15/07 Last Rev 5/15/09
PANJ 3-08

Book14557/Page1712

(b) All buildings and other improvements that now are or will be located on the land.

(c) All fixtures, equipment, and personal property that now are or will be attached to or used with the land, buildings, and improvements.

(d) All other rights which the Borrower now has or will acquire with regard to the land.

**Mortgage Void on Full Payment**

3. When the Borrower pays all amounts due under the Note and this Mortgage, the Lender's rights under the Note and this Mortgage shall end. At the request and expense of the Borrower, the Lender shall cancel this Mortgage of record.

**Subordinate Mortgage**

4. This Mortgage in the principal amount of $ 49,500.00 , is subordinate to a mortgage (from now on called the "Senior Mortgage"). The Senior Mortgage is held by Countrywide Home Loans, Inc.

(from now on called the "Senior Lender").
It is dated March 7, 2007 and was recorded on March 22, 2007 in the office of the recording officer of Ocean County in Mortgage Book 13570 at page 533
This means that if the Property is sold at a court-ordered sale the proceeds will be used to pay the Senior Mortgage before this Mortgage.

The Borrower states that the Borrower has kept all of the Borrower's promises under the Senior Mortgage, including the payment of all money due to date.

**Promises of Borrower**

5. The Borrower makes these promises to the Lender:

*Compliance*

(a) The Borrower shall comply with all of the terms of the Note and this Mortgage.

*Payments*

(b) The Borrower shall make all payments due under the Note and this Mortgage.

*Ownership*

(c) The Borrower owns and has the right to mortgage the Property to the Lender. The Borrower shall defend this ownership against all claims.

*Payment of Taxes and Other Charges*

(d) The Borrower shall pay when due all real estate taxes, assessments, water and sewer charges, and other charges against the Property.

*No Credit For Taxes Paid*

(e) The Borrower shall not claim or be entitled to any credit against the principal or interest under the Note and this Mortgage for taxes paid on the Property. The Borrower shall not claim any deduction from the taxable value of the Property because of this Mortgage.

*Hazard Insurance*

(f) The Borrower shall maintain hazard insurance on the Property. This insurance must cover loss or damage caused by fire and other hazards normally included under "extended coverage" insurance. It must also include such other hazard coverage as the Lender may reasonably require. If the Property is in a federal or state flood hazard zone the Borrower shall maintain flood insurance. The insurance company, agent or broker, amounts of coverage, and forms of all policies must be acceptable to the Lender. The Lender may require that the amount of coverage be the greater of (1) the total of the principal secured by this Mortgage and the principal secured by the Senior Mortgage or (2) the current replacement value of the buildings and improvements to the extent available. The coverage must be furnished by one insurance company. There can be no coinsurance or sharing of the risk by more than one company. The Borrower shall pay all premiums when due. The Borrower shall deliver the original policies and all renewals to the Lender if so required.

All policies shall state that the insurance company cannot cancel or refuse to renew without at least 10 days notice to the Lender. They shall include a "standard mortgage clause" naming the Lender. All insurance proceeds shall be paid to the Lender after the Senior Mortgage has been paid. In case of loss or damage the Borrower shall promptly notify the insurance company and the Lender. The Borrower shall promptly (1) file a proof of loss with the insurance company and (2) settle the claim. If not, the Senior Lender may do so. If the Senior Lender does not, the Lender may do so. After the Senior Mortgage has been paid the Lender may use the insurance proceeds received to (1) repair and restore the Property or (2) reduce the principal. The Lender shall use any money left after the repair and restoration to reduce the principal. This shall not change the amounts or due dates of the monthly payments under the Note. The Lender shall pay to the Borrower any money left after paying the entire principal and interest.

*Repairs*

(g) The Borrower shall keep the Property in good repair. The Borrower shall not damage, destroy or abandon the Property. The Lender may inspect the Property on reasonable notice to the Borrower. The Borrower shall make repairs as may reasonably be required by the Lender.

*Changes in Property*

(h) The Borrower shall not do any of the following to the Property without the written consent of the Lender: (1) remove, demolish, or materially alter any buildings or improvements, (2) remove any fixtures, or (3) give a security interest in any fixtures. If any fixture is destroyed or removed, the Borrower shall replace it with another of at least equal quality and condition.

Book14557/Page1713

| | |
|---|---|
| Eminent Domain | (i) Eminent domain is the right of a government to lawfully condemn and take private property for a public purpose. Fair value must be paid for the taking. The taking may occur either by court order or deed to the condemning party. If all or any part of the Property is taken by eminent domain, the entire payment shall be given to the Lender. The Lender may use the payment to (1) repair and restore the Property or (2) reduce the principal. The Lender shall use any money left after the repair and restoration to reduce the principal. This shall not change the amounts or due dates of the monthly payments under the Note. The Lender shall pay to the Borrower any money left after paying the entire principal and interest. |
| Statement of Amount Owing | (j) The Lender may require the Borrower to sign a notarized statement of the amount owing under the Note and this Mortgage. The Borrower shall sign the statement within 10 days after the Lender's written request. The Borrower shall add to the statement anything that may reduce the amount owing. The Lender shall prepare the statement at no cost to the Borrower. |
| No Other Superior Liens | (k) In this Mortgage, a lien is a legal claim of another against property for (1) the payment of a debt or (2) the performance of an obligation. This Mortgage is a lien of the Lender against the Property for the payment of the Note. A superior lien would be entitled to be paid before this Mortgage on a court-ordered sale of the Property. Except for the Senior Mortgage, the Borrower shall not allow any superior lien against the Property. |
| No Advance Rentals | (l) The Borrower shall not accept rent from any tenant of the Property for more than one month in advance. |
| Obeying the Law | (m) The Borrower shall obey all laws, rules and ordinances which apply to the Property. The Borrower shall not use or allow the Property to be used for any illegal purpose. The Borrower shall not discharge or spill any hazardous substance or waste on the Property. |
| Payments By Lender | 6. The Lender may pay any of the following expenses of the Property when due if the Borrower does not: (a) real estate taxes, assessments, water charges, and sewer charges, (b) all other charges, (c) hazard insurance premiums, (d) repairs and maintenance, and (e) payments of claims against the Property if necessary to protect the Lender's rights under this Mortgage, including payments due under the Senior Mortgage.<br><br>All payments made by the Lender shall be added to the principal. The Borrower shall pay these amounts to the Lender on written demand. Interest shall be charged at the rate in the Note from the time of payment by the Lender. |
| Lender's Right of Acceleration | 7. The Lender has the right, called acceleration, to declare the entire unpaid principal and interest under the Note and this Mortgage due immediately for any of the following causes: (a) the failure of the Borrower to make any payment of principal or interest under the Note within 20 days after its due date, (b) the failure of the Borrower to keep any other promise in this Mortgage within 20 days after written notice from the Lender, (c) the failure of the Borrower to make any payment due or to keep any other promise under the Senior Mortgage, (d) any change in the ownership of all or any part of the Property. A change resulting from the death of a Borrower shall not be considered a change of ownership. The change of ownership of a majority of a corporate Borrower's shares, other than by death, is a change of ownership, (e) the starting of foreclosure or execution proceedings by the holder of any other mortgage or lien on the Property, and (f) the starting of receivership, or insolvency proceedings by or against a Borrower.<br><br>The Lender's failure to declare acceleration for any cause shall not prevent the Lender from declaring acceleration for any cause occurring at a later time. |
| Lender's Rights on Acceleration | 8. If the Lender declares acceleration, the Borrower shall immediately pay to the Lender the entire unpaid principal and interest due under the Note and this Mortgage. If the Borrower does not do so, the Lender shall have all rights given to mortgage lenders by law and under this Mortgage, for example: (a) to enter and take possession of the Property in a lawful way and manage the Property, (b) to ask a court to appoint a receiver of rents of the Property. The Borrower consents to the appointment of a receiver, (c) to start a court action known as foreclosure to take away all of the Borrower's rights in the Property and to have the Property sold. A foreclosure sale is a court-ordered sale of the Property. The proceeds of the sale are used to pay the entire unpaid principal and interest due under the Note and this Mortgage plus all costs allowed by law, subject to the rights of the Senior Lender. (d) the court-ordered sale of the Property in the foreclosure action may not bring in enough money to pay the entire amount due under the Note and this Mortgage plus costs. The Lender may then sue the Borrower under the Note for the difference, subject to the rights of the Senior Lender. The Lender reserves any rights given by law to sue under the Note before beginning a foreclosure action under this Mortgage. |
| Notices | 9. All notices under this Mortgage must be in writing. They may be given by (a) personal delivery, or (b) certified mail, return receipt requested. Each party must accept and claim the notices given by the other. Notices shall be addressed to the other party at the address written at the beginning of this Mortgage. Either party may notify the other of a change of address. |

| | |
|---|---|
| Mortgage Binding on Successors | 10. This Mortgage is binding on all Borrowers and all those who lawfully succeed to their rights or take their places. |
| Signatures | The Borrower agrees to this Mortgage by signing below. If the Borrower is a corporation, this Mortgage is signed by its proper corporate officers and its corporate seal affixed. |

The Borrower has received a true copy of this Mortgage without charge.

_____ (SEAL)
Ronald Pasquale

_____ (SEAL)
Colleen M. Pasquale

_____ (SEAL)

Witnessed or attested by:
_____ (SEAL)
Patricia A. Fitz Gerald, Esq.
Attorney for Lender

## CERTIFICATE OF ACKNOWLEDGMENT BY INDIVIDUAL

State of New Jersey, County of Ocean

I am an Attorney at Law of the State of New Jersey an officer authorized to take acknowledgments and proofs in this State. I sign this acknowledgment below to certify that it was made before me.

On March 18, 2010, Ronald Pasquale and Colleen M. Pasquale

appeared before me in person. (If more than one person appears, the words "this person" shall include all persons named who appeared before the officer and made this acknowledgment). I am satisfied that this person is the person named in and who signed this Document. This person acknowledged signing, sealing and delivering this Document as this person's act and deed for the uses and purposes expressed in this Document.

_____
Patricia A. Fitz Gerald
An Attorney at Law of New Jersey

## CORPORATE PROOF BY THE SUBSCRIBING WITNESS

State of New Jersey, County of _____

I am a _____ an officer authorized to take acknowledgments and proofs in this State.

On _____, _____ (from now on called the "Witness") appeared before me in person. The Witness was duly sworn by me according to law under oath and stated and proved to my satisfaction that:

1. The Witness is the _____ Secretary of the Corporation named in this Document.
2. _____ the officer who signed this Document, is the _____ President of the Corporation (from now on called the "Corporate Officer").
3. The making, signing, sealing, and delivery of this Document have been duly authorized by a proper resolution of the Board of Directors of the Corporation.
4. The Witness knows the corporate seal of the Corporation. The seal affixed to this Document is the corporate seal of the Corporation. The seal was affixed to this Document by the Corporate Officer. The Corporate Officer signed and delivered this Document as and for the voluntary act and deed of the Corporation. All this was done in the presence of the Witness who signed this Document as attesting witness. The Witness signs this proof to attest to the truth of these facts.

Sworn to and signed before me on the date written above.

Officer's signature. Print, stamp or type name and title directly beneath.

Witness: sign above and print or type name below.

| To the Register or Clerk, County: | Record and return to: |
|---|---|
| This mortgage is fully paid. I authorize you to cancel it of record. Lender: _____ I certify that the Lender's signature is genuine. | Patricia A. Fitz Gerald, Esq. 505 New Brunswick Avenue Fords, NJ 08863 |