# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD PASQUALE; COLLEEN PASQUALE,<br><br>                    PLAINTIFFS,<br><br>v.<br><br>INFLUENTIAL PARTNERS, LLC.; PATRICIA A. FITZ GERALD, ESQ.; JACK SWIFT; AND JOHN DOES 1-25,<br><br>                    DEFENDANTS. | CIVIL CASE NO.: 16-00012<br><br><br>HON. PETER G. SHERIDAN<br>MOTION DATE: APRIL 4, 2016 |

## PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

**Table of Contents**

BACKGROUND ..............................................................................1

LEGAL STANDARD ....................................................................1

DISCUSSION ............................................................................. 2

I.   The Proposed Amendment is Not Futile ................................... 2

    a.   Plaintiffs Have Standing to Pursue a TCCWNA Claim ...................... 2

    b.   Plaintiffs' Plead Provisions of the IP Mortgage that Violate Clearly Established Rights and Obligations.........................................................3

    c.   Plaintiffs Do Not Seek to Rescind the Contract – Plaintiffs Ask the Court to Void the Contract ...............................................................7

II.   TILA Preemption is Inapplicable and Irrelevant ......................... 11

    a.   N.J.S.A. § 17:3B-2 is Inapplicable.......................................... 11

    b.   There is No Conflict Preemption ....................................... 12

    c.   Even if TILA Preempts the TCCWNA, Plaintiffs Still Have a Valid TCCWNA Claim ................................................................ 15

CONCLUSION ....................................................................... 15

# Table of Authorities

## Cases

*Aluminum Co. of America v. Essex Group, Inc.*
499 F. Supp. 53 (W.D. Pa. 1980)..............................................................8

*Barrows v. Chase Manhattan Mortg. Corp.*
465 F. Supp. 2d 347 (D.N.J. 2006)............................................................2

*Bates v. Dow Agrosciences L.L.C.*
125 S. Ct. 1788 (2005)...........................................................................15

*Bechtel v. Robinson*
886 F.2d 644 (3d Cir. 1989) .....................................................................1

*Boileau v. Bethlehem Steel Corp.*
730 F.2d 929 (3d Cir. 1984) .....................................................................1

*Carrier v. Bank of Am., N.A.*
Case No. 12-cv-104, 2014 U.S. Dist. LEXIS 12138 (D.N.J. Jan. 31, 2014) ..........14

*Conway v. 287 Corporate Ctr. Associates*
187 N.J. 259 (2006).................................................................................7

*Farris v. County of Camden*
61 F. Supp. 2d 307 (D.N.J. 1999) ..............................................................8

*Harbour Cove Marine Servs. v. Rabinowitz*
Case No. 02-cv-1695, 2005 U.S. Dist. LEXIS 36794 (D.N.J. Aug. 29, 2005) ......6

*Heastie v. Community Bank of Greater Peoria*
690 F. Supp. 716 (N.D. Ill. 1988) ............................................................13

*In re Cmty. Bank*
418 F.3d 277 (3d Cir. 2005) ...................................................................12

*Jubelt v. United Mortg. Bankers, Ltd.*
Case No. 13-cv-7150, 2015 U.S. Dist. LEXIS 84595 (D.N.J. June 30, 2015) .......14

*Long v. Sears Roebuck & Co.*
105 F.3d 1529 (3d Cir. 1997) .................................................................10

*Long v. Wilson*
393 F.3d 390 (3d Cir. 2004) ...................................................................1

*McGarvey v. Penske Auto. Group.*
639 F. Supp. 2d 450 (D.N.J. 2009) .......................................................3

*McKeown v. Kinney Shoe Corp.*
820 P.2d 1068 (Alaska 1991) ........................................................... 9, 10

*Mercado v. Bank of Am., N.A.*
Case No. 12-cv-01123, 2012 U.S. Dist. LEXIS 163395 (D.N.J. Nov. 15, 2012) .... 9

*Mercedes-Benz U.S.A. LLC v. Coast Auto. Group, Ltd.*
Case No. Case No. 99-cv-3121, 2006 U.S. Dist. LEXIS 71953 (D.N.J. Sept. 29, 2006) ........................................................................................ 8

*Plascencia v. Lending 1st Mortg.*
583 F. Supp. 2d 1090 (N.D. Cal. 2008)................................................14

*Romero v. Allstate Ins. Co.*
Case No. 01-3894, 2015 U.S. Dist. LEXIS 152963 (E.D. Pa. Nov. 10, 2015)..10, 11

*Romero v. Countrywide Bank, N.A.*
740 F. Supp. 2d 1129 (N.D. Cal. July 27, 2010)............................13, 14

*Shelton v. Restaurant.com, Inc.*
214 N.J. 419 (2013) ............................................................................ 6

*Silvas v. E\*Trade Mortgage Corp.*
514 F.3d 1001 (9th Cir. 2008) ...........................................................14

*Tabor v. Allstate Ins. Co.*
Case No. 15-cv-2602, 2015 U.S. Dist. LEXIS 161372 (E.D. Pa. Dec. 1, 2015)...... 9

*Varela v. E\*Trade Bank*
Case No. 10-cv-10186, 2010 U.S. Dist. LEXIS 144104 (D. Mass. Oct. 22, 2010)14

*Watkins v. DineEquity, Inc.*
591 Fed. Appx. 132 (3d Cir. 2014)...................................................... 2

**Statutes**

12 C.F.R. § 226.28(a) ........................................................................ 13

12 C.F.R. § 560.2 ............................................................................ 14

15 U.S.C. § 1601 ............................................................................. 12

15 U.S.C. § 1610 ............................................................................. 13

15 U.S.C. § 1631 ............................................................................. 12

15 U.S.C. § 1635(b) ........................................................................... 7

15 U.S.C. § 1639 ........................................................................ 12, 13

15 U.S.C. § 1639(e) ........................................................................... 5

15 U.S.C. § 1639(g) ........................................................................... 5

15 U.S.C. § 1639(m) .......................................................................... 4

15 U.S.C. § 1640(e) .......................................................................... 12

15 U.S.C. § 1640(k) .......................................................................... 12

15 U.S.C. § 1661 ............................................................................. 12

N.J.S.A § 17:3B-2 ............................................................................ 12

N.J.S.A. § 17:3B-2 ...................................................................... 11, 12

N.J.S.A. § 31:1-1 ............................................................................. 4

N.J.S.A. § 46:10B-25(d)(2) ................................................................... 4

N.J.S.A. § 46:10B-26(a) ....................................................................... 5

N.J.S.A. § 46:10B-26(d) ....................................................................... 5

N.J.S.A. § 46:10B-26(l) ....................................................................... 4

N.J.S.A. § 56:12-1 ............................................................................ 6

N.J.S.A. § 56:12-15 ........................................................................ 1, 3

N.J.S.A. § 56:12-17 ................................................................................10

**Rules**

Federal Rule of Civil Procedure 15(a)(2) ...............................................1

**Treatises**

Williston on Contracts, § 33 (4th Ed. 1999) ......................................... 6

## BACKGROUND

Plaintiffs incorporate the statement of facts and procedural history found at pages three through ten of their Brief in Opposition to Defendant Influential Partner's Motion to Dismiss Plaintiffs' First Amended Complaint, Docket Entry 18.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) requires a court to "freely give leave" to file an Amended Complaint when "justice so requires." Courts have taken this to heart, and "have shown a strong liberality in allowing amendments[.]" *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). In the Third Circuit, there is a "general presumption in favor of allowing a party to amend pleadings." *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984).

A district court may deny leave to amend only in limited circumstances, such as undue or substantial prejudice, bad faith or dilatory motive, undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see also Foman v. David*, 371 U.S. 178, 182 (1962).

To state a claim under the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. § 56:12-15, a plaintiff must allege that "(1) the plaintiff is a consumer; (2) the defendant is a [creditor or lender]; (3) the [creditor

1

or lender] offers a consumer contract …; and (4) the contract … includes a provision that violate[s] any legal right of a consumer or responsibility of a seller." *Watkins v. DineEquity, Inc.*, 591 Fed. Appx. 132, 135 (3d Cir. 2014).

## DISCUSSION

Defendant focuses its arguments exclusively on the purported "futility" of Plaintiffs' proposed amendment.

## I.   The Proposed Amendment is Not Futile

### a.  Plaintiffs Have Standing to Pursue a TCCWNA Claim

Defendant contends that Plaintiffs lack standing because, in its opinion, Plaintiffs suffered no ascertainable loss under the Consumer Fraud Act. Plaintiffs have already discussed Defendant's arguments at length in Plaintiffs' Brief Opposition to Defendant's Motion to Dismiss, Docket Entry 18, and respectfully refer the Court to those arguments. However, to summarize: Plaintiffs suffered ascertainable loss in 1) interest charges paid in September 2010, 2) lost equity (either in the full loan amount or in the amount loaned beyond that necessary to pay off the prior mortgage), and 3) tax liability (created if Defendant's waiver is given effect).

But for TCCWNA purposes, this does not matter. The TCCWNA does not require any ascertainable loss or actual damages. *See, e.g., Barrows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347, 362 (D.N.J. 2006) ("[T]he TCCWNA

2

can be violated if a contract or notice simply contains a provision prohibited by state or federal law, and it provides a remedy even if plaintiff has not suffered any actual damages."); *McGarvey v. Penske Auto. Group.*, 639 F. Supp. 2d 450, 458 (D.N.J. 2009). The committee statement accompanying the bill makes this clear, explaining that "a business which violates the provisions of this bill would be liable to the aggrieved consumer for a civil penalty of not less than $100.00 if the consumer was not injured by such a violation and for a civil penalty and actual damages if he was injured by such a violation." (Exhibit A.)

Thus, even if Defendant prevails on its "ascertainable loss" arguments in the context of the CFA, Plaintiffs still have standing under the TCCWNA.

### b.  Plaintiffs' Plead Provisions of the IP Mortgage that Violate Clearly Established Rights and Obligations.

The TCCWNA prohibits a business from offering and/or entering into a written consumer contract which includes any provision that violates "any clearly established legal right of a consumer or responsibility of [the business] at the time the offer is made or the consumer contract is signed[.]" N.J.S.A. § 56:12-15.

Defendant argues that Plaintiffs fail to state a claim under the TCCWNA because "most of the purported violations … are failures to disclose", and the TCCWNA only deals with the affirmative inclusion of illegal provisions. (Def.'s Brief, p. 6.) Assuming *arguendo* that this is true, it does not matter. Even if Plaintiffs

pled ten thousand omissions to one affirmative and illegal provision, this would be sufficient to plead a TCCWNA violation.

And Plaintiffs do plead specific affirmative provisions that violate clearly established rights of consumers and obligations of lenders. Plaintiffs plead provisions that exclusively violated New Jersey law when the parties entered into the IP Mortgage. For example, the effective interest rate of the IP Mortgage – contained within the four corners of the documents – exceeds the maximum interest rate allowed in New Jersey, establishing the right of a consumer not to be charged a usurious interest rate, and the obligation of the lender not to charge a usurious interest rate. N.J.S.A. § 31:1-1. (Proposed SAC, ¶ 77(g).) Plaintiffs also plead that the IP Mortgage documents contain financed points and fees over 2 percent, in violation of N.J.S.A. § 46:10B-26(l). (Proposed SAC, ¶ 77(i).) Plaintiffs also plead that the IP Mortgage calls for a late fee for amounts past due for 10 days, in violation of N.J.S.A. § 46:10B-25(d)(2).[1] (Proposed SAC, ¶ 77(j).)

Plaintiffs plead other provisions that independently violate both state *and* federal law. Plaintiffs plead that the IP Mortgage calls for a balloon payment, in

---

[1] The latter two provisions actually violate TILA as written today – 15 U.S.C. § 1639(m) and (k), respectively. But for TCCWNA purposes, what matters is whether the provisions violated a clearly established legal right of a consumer or a responsibility of a creditor or lender at the time the offer was signed. Accordingly, each of the TILA references in Plaintiffs' proposed Second Amended Complaint are to the TILA provisions at the time the IP Mortgage was entered into on March 18, 2010.

violation of N.J.S.A. § 46:10B-26(a) and 15 U.S.C. § 1639(e). (Proposed SAC, ¶ 77(c).) Plaintiffs plead that the IP Mortgage calls for 22 regular periodic payments to be rolled into the loan, in violation of N.J.S.A. § 46:10B-26(d) and 15 U.S.C. § 1639(g). (Proposed SAC, ¶ 77(d).)

Plaintiffs struggle to make sense of Defendant's remaining arguments on this issue. Defendant writes that the illegality of a contract must be determined from the writing at the time it is signed. It then argues that the purpose of a contract must be determined from the four corners of a contract and thus, Plaintiffs' beliefs after the fact about the purposes of the contract cannot be used to establish illegality. (Def.'s Brief, pp. 6-7.) From what Plaintiffs gather, this, much like the interest and fees of the IP Mortgage, appears to be multiple arguments rolled into one: Plaintiffs fail to properly plead that the contract was a consumer contract, and the terms did not violate any law at the time of signing. Plaintiffs have already addressed the latter argument.

Regarding the former, Plaintiffs reiterate what they emphasized in their First Amended Complaint: Defendant's contention that the IP Mortgage was for business purposes is an outright lie. Nonetheless, Plaintiffs recognize that it is their burden to plead that they are consumers – and they do. (Proposed SAC, ¶¶ 45, 75, 138, 139, 140.) Plaintiffs further plead that the IP Mortgage is a "consumer contract", which

TCCWNA expressly defines to include "a written agreement in which an individual … [o]btains credit [or] [b]orrows money … for personal, family, or household purposes." (Proposed SAC, ¶¶ 138-139.) (quoting N.J.S.A. § 56:12-1(b, d)). Courts routinely look beyond the underlying agreement to ascertain the purpose for which the property was used. *Cf. e.g.*, *Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 435 (2013) ("[T]he legislature employs the phrase 'primarily for personal, family, or household purposes' to describe the *use* of the borrowed, purchased, bailed, or leased property rather than the nature of the property.") The *Shelton* court went beyond the text of the written contract, and instead looked at the circumstances, marketing, and general purpose of the written contracts, in determining the contracts there were "consumer contracts" under the TCCWNA. *Id.* at 438-39.

Defendant's reliance on the parol evidence rule to somehow preclude Plaintiffs from pleading their use of the funds is borderline frivolous. It is basic contract law that the "parol evidence rule prohibits the admission of extrinsic evidence of prior or contemporaneous oral agreements, or prior written agreements, to explain the meaning of a contract when the parties have reduced their agreement to an unambiguous integrated writing." *Harbour Cove Marine Servs. v. Rabinowitz*, Case No. 02-cv-1695, 2005 U.S. Dist. LEXIS 36794, *7 (D.N.J. Aug. 29, 2005) (citing Williston on Contracts, § 33 (4th Ed. 1999)).  Plaintiffs, in pleading why they

sought the mortgage and how they used the funds *after* entering into the IP Mortgage, clearly do not seek to admit extrinsic evidence of any *prior* or *contemporaneous* agreements.

In addition, the parol evidence rule only prohibits the introduction of evidence that alters an integrated written document. *Conway v. 287 Corporate Ctr. Associates*, 187 N.J. 259, 268 (2006). No one is attempting to use parol evidence to alter or even interpret the IP Mortgage. The IP Mortgage says nothing about the parties' purposes for entering into the transaction or subsequent use of the funds.

Furthermore, the TCCWNA expressly call for inquiry into the use of the "borrowed ... property", which necessarily goes beyond the terms of most consumer contracts contract and into the real world. If the parol evidence rule were to prevent a plaintiff from pleading how the property was used, in the face of contractual silence on this issue, how could a plaintiff ever assert a Consumer Fraud, TCCWNA, or other claim that requires the underlying contract be primarily for personal, family, or household purposes? Simply put, the parol evidence rule has no applicability to Plaintiffs' pleadings or the facts or claims therein.

### c. Plaintiffs Do Not Seek to Rescind the Contract – Plaintiffs Ask the Court to Void the Contract

In its opposition brief, Defendant discusses at length the debtors right of rescission under TILA, 15 U.S.C. § 1635(b), and how Plaintiffs have failed to comply

7

with those procedures. Indeed, Defendant spends significant time arguing that Plaintiffs seek rescission generally, which would, in Defendant's view, require Plaintiffs to tender back to Defendant the amount loaned.

But Plaintiffs do not seek rescission under TILA or anything else – they ask that the Court declare the contract void under the TCCWNA and/or due to unconscionability. Rescission is one of remedies for a *voidable* contract. *See, e.g.*, *Mercedes-Benz U.S.A. LLC v. Coast Auto. Group, Ltd.*, Case No. Case No. 99-cv-3121, 2006 U.S. Dist. LEXIS 71953, *45 (D.N.J. Sept. 29, 2006) ("If a party to a contract is guilty of misrepresentation, the contract is voidable and the victim may rescind the contract."); *Aluminum Co. of America v. Essex Group, Inc.*, 499 F. Supp. 53, 78 (W.D. Pa. 1980) ("In [cases where a contract is voidable], the customary remedy is rescission."). Rescission is an equitable remedy "designed to restore the parties to the *status quo ante* and prevent the party who is responsible for the [wrongdoing] from gaining a benefit." *Farris v. County of Camden*, 61 F. Supp. 2d 307, 336 (D.N.J. 1999). Usually, the remedy of rescission requires that the court be able to return the parties to their original position. *See id.* When a contract is rescinded, "the creditor terminates its security interest and returns all monies paid by the debtor in exchange for the latter's return of all disbursed funds or property interests." *Mercado v. Bank of Am., N.A.*, Case No. 12-cv-01123, 2012 U.S. Dist.

8

LEXIS 163395, *14 (D.N.J. Nov. 15, 2012). Notably, however, "ability to repay" is not a pleading requirement for rescission generally or for rescission under TILA, though repayment may ultimately be required should the party seeking to rescind prevail.[2] *Id.* at *15.

A *void* contract, on the other hand, is "a promise for breach of which the law neither gives a remedy nor otherwise recognizes a duty of performance by the promisor." *Tabor v. Allstate Ins. Co.*, Case No. 15-cv-2602, 2015 U.S. Dist. LEXIS 161372, *22 (E.D. Pa. Dec. 1, 2015) (citing Restatement (Second) Contracts § 7 (1981)). A void contract cannot be ratified. *Id.* The Alaska Supreme Court succinctly summarized the difference between rescission and an action to void an agreeement:

> An action to have an agreement declared void as violative of a statute or of public policy is an entirely different action than one for rescission. Rescission is an equitable remedy that abrogates, annuls, or unmakes a contract entered into through mistake, fraud, or duress. A void agreement, on the other hand, never attains legal effect as a contract. As a result, the tender-back requirement that may arise as a prerequisite to an action for rescission has no relevance in an action to declare an agreement void.

*McKeown v. Kinney Shoe Corp.*, 820 P.2d 1068, 1071 (Alaska 1991). *McKeown* dealt with settlement agreements with potential class members that it deemed void. The court found that because those agreements were void, "potential class members

---

[2] Thus, even if Plaintiffs *were* seeking TILA rescission, they would not be required to plead ability or willingness to repay.

who entered into settlement agreements … now may join the class action lawsuit without first tendering back any settlement money received." *Id.* The court further found, however, that defendant could offset damages awarded to those class members by the amount it had already paid those individuals to settle their claims.[3]

The *McKeown* court is not alone. Third Circuit courts have similarly found the "tender back" requirement to be inapplicable to actions to declare a contract void. *See, e.g.*, *Long v. Sears Roebuck & Co.*, 105 F.3d 1529, 1536, n.11 (3d Cir. 1997) (writing that "void releases cannot be ratified," and there was no need for the lower court to consider whether failure to "tender back" might amount to ratification); *Romero v. Allstate Ins. Co.*, Case No. 01-3894, 2015 U.S. Dist. LEXIS 152963, *27 (E.D. Pa. Nov. 10, 2015) ("'[A] Release that is 'void' is not subject to the tender-back and ratification rules.'").

An action to declare a contract "void" is the express remedy for which the TCCWNA provides. N.J.S.A. § 56:12-17 ("[T]he court in its discretion may void the contract."). Because the IP Mortgage documents contain provisions which violate clearly established consumer rights and lender obligations, it violates the TCCWNA. Apart from the TCCWNA, an unconscionable agreement is also *void*

---

[3] Plaintiffs do not dispute that Defendant would be entitled to offset the amount of damages it has to pay by the amount it actually loaned to Plaintiffs.

rather than *voidable*. *Romero*, 2015 U.S. Dist. LEXIS 152963 at *27 (noting that an "unconscionable" agreement is void rather than voidable). Plaintiffs ask that the Court declare the agreement void for either reason.

## II. <u>TILA Preemption is Inapplicable and Irrelevant</u>

### a. **N.J.S.A. § 17:3B-2 is Inapplicable.**

Defendant argues that N.J.S.A. § 17:3B-2 demonstrates that TILA precludes Plaintiffs' TCCWNA claim (based on Defendant's violations of TILA), while at the same time arguing that Plaintiffs may not bring a TILA claim because the statute of limitations has expired. (Def's. Brief, p. 13, n.3). Defendant cannot have it both ways.

N.J.S.A. § 17:3B-2 states:

> When under any law of this State, a civil action is expressly provided for any act or failure to act which constitutes a violation of any provision of such law, and such act or failure to act also constitutes a violation of the Truth in Lending Act … **for which a civil action may be brought under the provisions of the Truth in Lending Act**, the provisions of the Truth in Lending Act shall supersede the provisions of State law when the penalty for violation of the Truth in Lending Act is more severe than the penalty for violation of the State law, to the end that only one recovery may be had for such act or failure to act.

(emphasis added)

For once, Plaintiffs agree with Defendant: the time for bringing a TILA claim has passed.[4] But then, by its terms, N.J.S.A. § 17:3B-2 does not apply, because it only

---

[4] Nothing in this brief is intended to waive Plaintiffs right to assert a defense by setoff or

applies when a civil action "may be brought" under the provisions of the Truth in Lending Act. If Plaintiffs cannot bring their TILA claim, the statute is not triggered. From a slightly different angle, it does not apply because it only applies when the penalty for the TILA violation is more severe than the penalty for violating the State law. If Plaintiffs' affirmative TILA claims are time-barred, then there is no penalty for the TILA violation, and the penalty for violating the TCCWNA is necessarily more severe. The goal of N.J.S.A. § 17:3B-2 is, as it states, to limit recovery to recovery to the stronger of TILA or the violated state law. It is not intended to leave the consumer without a remedy. Accordingly, because Plaintiffs may not bring an affirmative claim under TILA, N.J.S.A § 17:3B-2 is inapplicable.

### b.  There is No Conflict Preemption

Defendant spills much ink arguing that TILA preempts TCCWNA because the statutes conflict, but almost entirely ignores that TILA expressly speaks to its effect on state laws. TILA states that 15 U.S.C. §§ 1601, *et seq.*, 1631 *et seq.* [which includes 15 U.S.C. § 1639], and 1661 *et seq.* "do not annul, alter, or affect the laws of any State relating to the disclosure of information … except to the extent that those laws are inconsistent with the provisions of this title, and then only to the extent of

---

recoupment under TILA to any foreclosure action Defendant initiates, which is expressly allowed. 15 U.S.C. § 1640(e); 15 U.S.C. § 1640(k); *In re Cmty. Bank*, 418 F.3d 277, 305 (3d Cir. 2005).

the inconsistency." 15 U.S.C. § 1610. Subsequent regulations have clarified that "[a] State law is inconsistent if it requires a creditor to make disclosures or take actions that contradict the requirements of the Federal law." 12 C.F.R. § 226.28(a). This preemption of only "inconsistent" state laws negates any congressional intent of occupying the field, contrary to Defendant's assertions. *See, e.g. Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1149-50 (N.D. Cal. July 27, 2010); *Heastie v. Community Bank of Greater Peoria*, 690 F. Supp. 716, 720 (N.D. Ill. 1988). Inexplicably, Defendant inexplicably states these provisions are inapplicable.[5]

The TCCWNA does not fall within TILA's definition of "inconsistent," nor could it. The TCCWNA imposes no obligations beyond those imposed by other state or federal laws. It instead provides for additional protections when something made illegal by another law is included in a contract with a New Jersey consumer. It does not, and cannot, require a creditor to take actions or make disclosures that contradict the requirements of TILA. In a TCCWNA violation based on TILA, the substantive limits of the TCCWNA are necessarily co-extensive with those of TILA.

Courts both in and out this District have previously rejected Defendant's

---

[5] If Defendant is relying on the fact that § 1610 mentions that it does not affect laws only relating to the "disclosure of information," this is a non-starter. 15 U.S.C. § 1639 expressly deems the inclusion of a violative provision to be a failure to deliver material disclosures. Thus, a TCCWNA claim predicated on 15 U.S.C. § 1639 is technically a TCCWNA claim predicated upon a "disclosure of information."

preemption arguments.[6] In the District of New Jersey just last year, Judge Esther Salas wrote that TILA preempts state law only if the state law is inconsistent with TILA, and "it would be illogical for the Court to bar Plaintiff's NJCFA claims under TILA's statute of limitations when TILA expressly acknowledges the availability of such state law remedies." *Jubelt v. United Mortg. Bankers, Ltd.*, Case No. 13-cv-7150, 2015 U.S. Dist. LEXIS 84595, *24 n.11 (D.N.J. June 30, 2015). Similarly, in early 2014, Judge Bumb recognized that TILA violations could support a state law claim even after the TILA statute of limitations had passed. *Carrier v. Bank of Am., N.A.*, Case No. 12-cv-104, 2014 U.S. Dist. LEXIS 12138, *16-17 (D.N.J. Jan. 31, 2014).

Courts elsewhere have found the same. *See e.g.*, *Romero*, 740 F. Supp. 2d at 1149 ("Several district courts have recognized that enforcement of TILA through the UCL may well supplement TILA's framework."); *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1099 (N.D. Cal. 2008) ("[T]he fact that the UCL allows a claim within four years or may provide remedies not available under TILA … simply provides an additional level of protection for consumers."); *Varela v. E\*Trade Bank*, Case No. 10-cv-10186, 2010 U.S. Dist. LEXIS 144104, *19 (D. Mass. Oct. 22, 2010) ("[A]n analysis of [TILA] suggests that permitting claims to proceed

---

[6] One case, *Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001 (9th Cir. 2008) found that TILA claims against a federal savings association was preempted through field preemption because of a specific regulation stating "OTS hereby occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2. This is inapplicable here.

14

under the longer limitations period authorized under Massachusetts law does not conflict with or thwart Congress' objectives in enacting TILA."). The Supreme Court has even weighed in on this issue, finding that "[t]he imposition of state sanctions for violating state rules that merely duplicate federal requirements is … consistent with the text" of a federal statute. *Bates v. Dow Agrosciences L.L.C.*, 125 S. Ct. 1788, 1798 (2005). In other words, states can provide consumers with more rights than does an otherwise identical federal statute.

Because TCCWNA proposes no conflicting obligations, and merely imposes state penalties for violations of certain federal laws, it is not preempted.

### c. Even if TILA Preempts the TCCWNA, Plaintiffs Still Have a Valid TCCWNA Claim

Taking TILA out of the equation, Plaintiffs have *still* stated a valid TCCWNA claim. As discussed, Plaintiffs plead various contractual provisions that violated clearly established rights and obligations established under New Jersey law at the time of the contract. These provisions independently support a TCCWNA claim. Even if TILA precludes application of the TCCWNA to provisions that violate TILA, Plaintiffs still have a valid TCCWNA claim predicated on those violations.

### CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File a Second Amended Complaint.

Dated: March 28, 2016                    */s/ Jeremy M. Glapion*

Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com