**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD PASQUALE and COLLEEN PASQUALE,<br><br>Plaintiffs,<br><br>v.<br><br>INFLUENTIAL PARTNERS, LLC., PATRICIA A. FITZ GERALD, JACK SWIFT, JOHN DOES 1-15<br><br>Defendants. | Civil Action No. 3:16-cv-00012 (PGS)(TJB)<br><br>**MEMORANDUM & ORDER** |

This matter comes before the Court on two motions: (1) a Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. 12(b)(6) filed by Defendant Influential Partners (ECF No. 14); and (2) a Motion for Leave to File a Second Amended Complaint filed by Plaintiffs (ECF No. 12).

I.

Since this motion to dismiss only impacts one count and the other facts alleged in the Complaint are primarily against other defendants, the facts are not enumerated herein. On January 4, 2016, Plaintiffs Ronald and Colleen Pasquale ("Plaintiffs") filed the Complaint in this action. (ECF No. 1, Compl.). The crux of Influential Partners' ("IP") motion is that Plaintiffs have not shown that they suffered an ascertainable loss in order to allege a New Jersey Consumer Fraud Act ("CFA") violation.

Plaintiffs allege that the IP Mortgage was unconscionable because:

(1) IP failed to disclose the actual annual percentage rate ("APR") in violation of 15 U.S.C. § 1639(a)(2);

(2) I.P. failed to properly disclose the "amount financed," "finance charge," and "annual percentage rate" in violation of 15 U.S.C. § 1638;

(3) IP failed to disclose that a balloon payment of $49,621.83 was due in the sixth month, in violation of 15 U.S.C. § 1639(e);

(4) IP failed to disclose that interest in the amount of $2733.98 was paid, in violation of 15 U.S.C. §1639(g) and N.J.S.A. § 46:10B-26(d);

(5) IP failed to make any bona fide inquiry as to the consumer's ability to repay in violation of 15 U.S.C. § 1639(h), as codified in 12 CFR § 226.34;

(6) IP issued a note and mortgage without obtaining a certification from a third-party nonprofit credit counselor, in violation of N.J.S.A. § 46:10B-26(g); and

(7) the interest charged by IP is usurious, as it exceeded 26%, far above New Jersey's maximum statutory interest rate of 16% per annum.  (*Id.* at ¶ 75).

Since the IP Mortgage allegedly violates a number of state and federal statutes, Plaintiffs seek damages for violations of the New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1 *et seq.*) because the IP mortgage is an unconscionable practice under the CFA. (*Id.* at 78).

II.

IP seeks dismissal of Plaintiff's CFA claim on the grounds that Plaintiffs have not suffered an ascertainable loss.  IP argues that since it waived interest due on the IP note and mortgage, and since only the principal amount ($2,317.94 paid to the Pasquales, plus the $40,222.08 to payoff the second mortgage) is due, the Pasquales are in the same position as they were before the IP transaction.  As such, there is no ascertainable loss.

Plaintiffs counter that they have suffered ascertainable losses in three separate ways, as alleged in the complaint. They are: the payment of interest charges in excess of market rates; loss of equity on the property i.e. the mortgage amount held by IP reduces Plaintiffs'

equity; and rolled up interest, points and fees paid in acquiring the IP mortgage, which have not been reimbursed by IP.

III.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S. Ct. 1091 (2001). The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal citations and quotations omitted).

The CFA provides, "[a]ny person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act ... may bring an action ... in any court of competent jurisdiction." N.J.S.A § 56:8–19. Thus, the only prerequisite for maintenance of a private action to remedy a violation of the CFA is that a plaintiff must present a claim of ascertainable loss. *Laufer v. U.S. Life Ins. Co. in City of New York*, 385 N.J. Super. 172 (2006) (citing *Weinberg v. Sprint Corp.*, 173 N.J. 233 (2002)) (stating that the requirement of an "ascertainable loss" is purely a standing requirement).

In order to plead a violation of the CFA, Plaintiffs must allege: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Hoffman v. Hampshire Labs, Inc.*, 405 N.J. Super. 105, 113, (App. Div. 2009). Since the motion focuses on ascertainable loss, the analysis is similarly limited to that issue.

The New Jersey Supreme Court has instructed, "[t]o give effect to the legislative language describing the requisite loss for private standing under the CFA, ... a private plaintiff must produce evidence from which a factfinder could find or infer that the plaintiff suffered an actual loss." *Barows v. Chase Manhattan Mortg. Corp.*, 465 F.Supp.2d 347, 361 (citing

*Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 792 (2005)). "The certainty implicit in the concept of an 'ascertainable' loss is that it is quantifiable or measurable," and in order to raise a genuine dispute, "the plaintiff must proffer evidence of loss that is not hypothetical or illusory." *Id.* Moreover, ascertainable loss includes actual money paid as well as an estimate of damages calculated within a reasonable degree of certainty. *Berg v. Reaction Motors Div.*, 37 N.J. 396, 404 (1962). "'Ascertainable loss' and 'damages sustained' are not . . . unrelated to one another. When an unconscionable commercial practice has caused the plaintiff to lose money or other property, that loss can satisfy both the 'ascertainable loss' element of the CFA claim and constitute 'damages sustained' for purposes of the remedy imposed under the CFA." *D'Agostino v. Maldonado*, 216 N.J. 168, 192-93 (2013) (internal citation omitted). Moreover, it is well-settled that loss of equity in a property constitutes ascertainable loss under the CFA. *Id.* at 194. "A court adjudicating a CFA claim determines whether the plaintiff has suffered an ascertainable loss, focusing on the plaintiff's economic position resulting from the defendant's consumer fraud—not his or her circumstances after a judicial remedy has been imposed. In some circumstances, if the defendant or a non-party takes action to ensure that the plaintiff sustains no out-of-pocket loss or loss of value prior to litigation, then plaintiff's CFA claim may fail." *Id.* at 194. Once a plaintiff has proven an ascertainable loss by a defendant's failure to comply with the CFA, it is entitled to compensation for said loss. *Cox*, 138 N.J. at 22. If a plaintiff proves both an unlawful practice under the CFA, and an ascertainable loss, then an award of treble damages and attorneys' fees are mandatory. N.J.S.A. § 56:8-19.

  Here, as noted above, Plaintiffs assert three plausible measures of loss: (1) the payment of interest charges in excess of market rates; (2) loss of equity on the property i.e. the mortgage amount held by IP reduces Plaintiffs' equity in the property; and (3) interest, points and fees

rolled into the IP mortgage. At the pleading stage, these measures are sufficiently and plausibly alleged to show ascertainable loss. As such, Defendant's Motion to Dismiss is DENIED.

IV.

Plaintiffs seek to amend the Complaint to add a count to under the TCCWNA. Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave when justice so requires." FED. R.CIV. P. 15(a)(2). In a motion for leave to amend, a court considers the following factors to determine its fairness: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendant asserts that an amendment to add a TCCWNA claim would be futile for the same reasons as set forth in the ascertainable loss section above. That is, Plaintiffs are not aggrieved because they received the benefit of their bargain from the IP Mortgage and there are no damages sustained by Plaintiffs due to the waiver of interest by IP. Defendant contends further that no "clearly established right" was violated at the time the note and mortgage were signed. Moreover, Defendant asserts that Plaintiffs cannot sustain a TCCWNA violation for IP's alleged violations of the Truth in Lending Act ("TILA") because TILA supersedes other laws, and because a direct TILA claim is time-barred.

As an initial matter, the Court finds that Plaintiffs' TCCWNA claims are not preempted by TILA. Under Article VI, Clause 2, of the United States Constitution, Congress may preempt state law "either by express provision, by implication, or by a conflict between federal and state

law." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654 (1995). With regard to TILA, Congress has preempted all state laws that are "inconsistent with the provisions of [TILA] and then only to the extent of the inconsistency." *Psensky v. American Honda Finance Corp.*, 378 N.J. Super. 221, 225 (App. Div. 2005); 15 U.S.C.A. § 1610(a)(1); *see also* Regulation Z, 12 C.F.R. § 226.28(a)(1) (2005). Under TILA, where required disclosures have not been made, under 15 U.S.C. § 1635(f), a borrower has up to three years after the date of consummation of the transaction within which to bring an action for rescission. *Smith v. Fidelity Consumer Discount Co.*, 898 F.2d 896, 902-903 (3d Cir. 1989).

TCCWNA provides that "[n]o seller . . . shall in the course of his business . . . enter into any written consumer contract . . . which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller . . . as established by State or Federal law at the time the offer is made or the consumer contract is signed." N.J.S.A. § 56:12-15. The statute provides further that, "[a]ny person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." A defendant who violates the TCCWNA can be liable for a $100 civil penalty or for plaintiff's actual damages. N.J.S.A. § 56:12–17.

Initially, Plaintiffs have not asserted a claim under TILA, and are not seeking any remedies thereunder. IP asserts that TILA and TCCWNA are inconsistent, in that rescission of a contract under TILA is actionable up to three years after the date of consummation of the transaction (15 U.S.C. § 1635(f)), while rescission under TCCWNA has a limitations period of six years. N.J.S.A. 2A:14-1. Although the period of limitations may be different, the substance of the laws is consistent in that they give consumers a right to challenge unconscionable

contracts. *Psensky v. American Honda Finance Corp.*, 378 N.J. Super. 221, 225 (App. Div. 2005). Moreover, TCCWNA provides remedies beyond rescission, including a civil penalty of not less than $100.000 or actual damages, or both, and also permits reasonable attorney's fees and court costs. Because TCCWNA allows for remedies broader than those under TILA and because Plaintiffs are not seeking relief under TILA, Plaintiffs' TCCWNA claims are not preempted.

V.

For all the foregoing reasons, Defendant's Motion to Dismiss is DENIED, and Plaintiff's Motion to Amend is GRANTED.

### ORDER

**IT IS** on this 26 day of April, 2016,

**ORDERED** that Defendant Influential Partner's Motion to Dismiss (ECF No. 14) is DENIED; and it is further

**ORDERED** that Plaintiff's Motion to File a Second Amended Complaint (ECF No. 12) is GRANTED.

_____
PETER G. SHERIDAN, U.S.D.J.