# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JACQUELINE B. BITTNER, ESQ.  (I.D.# 022581992)
LAW OFFICES OF JACQUELINE B. BITTNER
40 Fayette Street, No. 63
Perth Amboy, New Jersey 08861
Tel:  (732) 324-7415
Attorney for Defendant
Influential Partners, L.L.C.

|  |  |
|---|---|
| **RONALD PASQUALE;** | : |
| **COLLEEN PASQUALE** | **:** Civil Action No.: 16-00012(PGS) |
|  | : |
| Plaintiffs, | : |
|  | : DOCUMENT ELECTRONICALLY FILED |
| v. | : |
|  | : |
| **INFLUENTIAL PARTNERS, LLC**; | : |
| **PATRICIA A. FITZ GERALD, ESQ.**; | : |
| **JACK SWIFT; and JOHN DOES 1-25**, | : |
|  | : |
| Defendants. | : |
|  | : |

## AMENDED ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, CROSS-CLAIMS, COUNTERCLAIMS, AND JURY DEMAND OF DEFENDANT INFLUENTIAL PARTNERS, L.L.C. [1]

Defendant Influential Partners, L.L.C., ("Defendant" or "IP"), by and through its attorney,

Jacqueline B. Bittner, Esq., hereby responds to the Second Amended Complaint filed by Plaintiffs

Ronald Pasquale and Colleen Pasquale ("Plaintiffs"), based on information currently available, as

follows:

### AS TO INTRODUCTION

1.    In response to the allegations set forth in Paragraph 1 of the Second Amended

---

[1] This Amended Answer is filed with the written consent of counsel for all opposing
parties: Jeremy Glapion, Esq., Robert J. Aste, Esq., and Lora B. Glick, Esq..

Complaint, Influential Partners admits that it entered into a business mortgage loan with Plaintiffs. Except as so stated, Influential Partners denies the allegations set forth in Paragraph 1 of the Second Amended Complaint.  Influential Partners further denies that Plaintiffs are entitled to any relief in this case.

2.    In response to the allegations set forth in Paragraph 2 of the Second Amended Complaint, Influential Partners admits that it entered into a business mortgage loan with Plaintiffs on March 18, 2010.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

3.    Influential Partners responds that the mortgage documents speak for themselves. Except as so stated, Influential Partners denies the allegations of Paragraph 3 of the Second Amended Complaint.

4.    The allegations set forth in Paragraph 4 of the Second Amended Complaint concerning the requirements of The Truth in Lending Act, 15 U.S.C. § 1602 et seq., applicable exclusively to consumer loans, are legal arguments and conclusions to which no response is required.   Influential Partners further responds that any statutes, rules, regulations, or agreements speak for themselves.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

5.    The allegations set forth in Paragraph 5 of the Second Amended Complaint concerning the requirements of The Truth in Lending Act, 15 U.S.C. § 1602 et seq., and its implementing regulations are legal arguments and conclusions to which no response is required. Influential Partners further responds that any statutes, rules, regulations, or agreements speak for themselves.   Except as so stated, Influential Partners denies the allegations of said paragraph of

2

the Second Amended Complaint.

6.     Insofar as the allegations in Paragraph 6 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

7.     The allegations set forth in Paragraph 7 of the Second Amended Complaint concerning the requirements of The New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.* ("CFA") are legal arguments and conclusions to which no response is required.   Influential Partners further responds that the mortgage documents speak for themselves.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

8.     The allegations set forth in Paragraph 8 of the Second Amended Complaint concerning the requirements of New Jersey's Truth in Consumer Warranty and Notice Act, N.J.S.A. § 56:12-15 ("TCCWNA") are legal arguments and conclusions to which no response is required.   Influential Partners further responds that the statute and mortgage documents speak for themselves.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

9.     Influential Partners admits the allegations set forth in Paragraph 9 of the Second Amended Complaint that Plaintiffs had failed to make the required payments called for in the March 18, 2010 note and mortgage and that IP authorized Attorney Fitz Gerald to notify Plaintiffs that they were in default.   Insofar as the allegations in Paragraph 9 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended

Complaint.

## AS TO JURISDICTION AND VENUE

10.     Plaintiffs' allegations set forth in Paragraph 10 of the Second Amended Complaint contain allegations of law only and, as such, no response is required of this Influential Partners.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

11.     Plaintiffs' allegations set forth in Paragraph 11 of the Second Amended Complaint contain allegations of law only and, as such, no response is required of this Influential Partners.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

12.     Plaintiffs' allegations set forth in Paragraph 12 of the Second Amended Complaint contain allegations of law only and, as such, no response is required of this Influential Partners.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

13.     Plaintiffs' allegations set forth in Paragraph 13 of the Second Amended Complaint contain allegations of law only and, as such, no response is required of this Influential Partners.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

14.     Plaintiffs' allegations set forth in Paragraph 14 of the Second Amended Complaint contain allegations of law only and, as such, no response is required of Influential Partners.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

4

## AS TO THE PARTIES

15.    In response to the allegations set forth in Paragraph 15 of the Second Amended Complaint, Influential Partners avers, upon information and belief, that Plaintiffs reside at 771 Maple Avenue, Brick Township, Ocean County in New Jersey.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended.

16.    In response to the allegations set forth in Paragraph 16 of the Second Amended Complaint, Influential Partners avers, upon information and belief, that Plaintiffs reside in Brick Township, Ocean County in New Jersey.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended.

17.    In response to the allegations set forth in Paragraph 17 of the Second Amended Complaint, Influential Partners avers that on March 18, 2010 it was a Limited Liability Company authorized to do business in the State of New Jersey.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended.

18.    In response to the allegations set forth in Paragraph 18 of the Second Amended Complaint, Influential Partners avers, upon information and belief, that Defendant Fitz Gerald is licensed as an Attorney at Law of the State of New Jersey who resides in New Jersey,  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended.

19.    In response to the allegations set forth in Paragraph 18 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Second Amended Complaint, and therefore leave Plaintiffs to their proofs.

## AS TO PLAINTIFFS' FACTS

5

20.     Influential Partners avers that the Ocean County Clerk has recorded a Mortgage in the amount of $240,000.00 between the Borrowers, Colleen M. Pasquale and Ronald Pasquale, and the Lender, GMAC Mortgage Corporation, made on December 30, 2004, and recorded on January 19, 2005 in Book 12432 at page 359 as Instrument #2005011537, and securing property located at 771 Maple Avenue, Brick, New Jersey 08724.   Influential Partners further responds that any mortgage or mortgage note speaks for itself.  In response to the remaining allegations set forth in Paragraph 20 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

21.     In response to the allegations set forth in Paragraph 21 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

22.     Influential Partners avers that the Ocean County Clerk has recorded a Mortgage in the amount of $383,000.00 between the Borrowers, Colleen M. Pasquale and Ronald Pasquale, and the Lender, Countrywide Home Loans, Inc., made on March 7, 2007, and recorded on March 22, 2007 with the Ocean County Clerk, in Book 13570 at page 533 as Instrument #2007040177, and securing property located at 771 Maple Avenue, Brick, New Jersey 08724.  Influential Partners further responds that any mortgage or mortgage note speaks for itself.  Influential Partners further avers that the Ocean County Clerk has recorded several other mortgage transactions between Colleen M. Pasquale and Ronald Pasquale in connection with 771 Maple Avenue, Brick, New Jersey increasing the Pasquales' indebtedness from $240,000.00 in December 30, 2004 to $383,000.00 on March 7, 2007.   In response to the remaining allegations

6

set forth in Paragraph 22 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

23.    In response to the allegations set forth in Paragraph 23 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

24.    In response to the allegations set forth in Paragraph 24 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

25.    In response to the allegations set forth in Paragraph 25 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

26.    In response to the allegations set forth in Paragraph 26 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

27.    Influential Partners avers that the Ocean County Clerk has recorded a Mortgage in the amount of $35,000.00 between the Borrowers, Colleen M. Pasquale and Ronald Pasquale, and the Lender, J.B.S. Investments, Inc., made on March 12, 2008, and recorded on March 17, 2008 in Book 13948 at page 1558 as Instrument #2008028671, and securing property located at 771 Maple Avenue, Brick, New Jersey 08724.  Influential Partners further responds that any mortgage or mortgage note speaks for itself.  In response to the remaining allegations set forth in Paragraph 27 of the Second Amended Complaint, Influential Partners is without sufficient

knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

28.    In response to the allegations set forth in Paragraph 28 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

29.    Insofar as the allegations in Paragraph 29 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

30.    Insofar as the allegations in Paragraph 30 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

31.    Insofar as the allegations in Paragraph 31 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

32.    The allegations in Paragraph 32 of the Second Amended Complaint predate Influential Partners' transaction with the Plaintiffs.  Accordingly, Influential Partners lacks sufficient information or knowledge to form a belief as to the veracity of said allegations and, therefore, denies same.

33.    Insofar as the allegations in Paragraph 33 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

34.    The allegations set forth in Paragraph 34 of the Second Amended Complaint are

vague, ambiguous and incapable of a complete response as the alleged fraud is not described and "coordinated" is undefined.   The allegations in Paragraph 34 of the Second Amended Complaint predate Influential Partners' transaction with the Plaintiffs.  Accordingly, Influential Partners lacks sufficient information or knowledge to form a belief as to the veracity of said allegations and, therefore, denies same. Moreover, insofar as the allegations in Paragraph 34 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

35.    The allegations set forth in Paragraph 35 of the Second Amended Complaint are vague, ambiguous and incapable of a complete response as the alleged "ongoing relationship" is not described and "coordinated" is undefined.   Moreover, insofar as the allegations in said Paragraph of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

36.    The allegations set forth in Paragraph 36 of the Second Amended Complaint are vague, ambiguous and incapable of a complete response as "rolled" and "cash-out" are undefined. Moreover, insofar as the allegations in said Paragraph of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

37.    The allegations in Paragraph 37 of the Second Amended Complaint predate Influential Partners' transaction with the Plaintiffs.  Accordingly, Influential Partners lacks sufficient information or knowledge to form a belief as to the veracity of said allegations and,

therefore, denies same.

38.     In response to the allegations set forth in Paragraph 38 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

39.     In response to the allegations set forth in Paragraph 39 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

40.     In response to the allegations set forth in Paragraph 40 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

41.     Insofar as the allegations in Paragraph 41 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

42.     In response to the allegations set forth in Paragraph 42 of the Second Amended Complaint, Influential Partners is without sufficient knowledge or information to admit or deny the allegations contained in said Paragraph and, as such, leave Plaintiffs to their proofs.

43.     The allegations set forth in Paragraph 43 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

44.     The allegations set forth in Paragraph 44 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

45.     The allegations set forth in Paragraph 45 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

46.     The allegations in Paragraph 46 of the Second Amended Complaint predate the Influential Partners's transaction with the Plaintiffs.  Accordingly, Influential Partners lacks sufficient information or knowledge to form a belief as to the veracity of said allegations and, therefore, denies same.

47.     Insofar as the allegations in Paragraph 47 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

48.     Insofar as the allegations in Paragraph 48 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

49.     Insofar as the allegations in Paragraph 49 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

50.     Insofar as the allegations in Paragraph 50 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

51.     Insofar as the allegations in Paragraph 51 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

52.     Insofar as the allegations in Paragraph 52 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Moreover, the allegations set forth in said Paragraph are legal arguments and conclusions to which no response is required.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

53.     Insofar as the allegations in Paragraph 53 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

54.     Insofar as the allegations in Paragraph 54 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Moreover, the allegations in said Paragraph predate Influential Partners' transaction with the Plaintiffs.  Accordingly, Influential Partners lacks sufficient information or knowledge to form a belief as to the veracity of said allegations and, therefore, denies same.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

55.     Insofar as the allegations in Paragraph 55 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Moreover, the allegations in said Paragraph predate Influential Partners' transaction with the Plaintiffs.  Accordingly, Influential Partners lacks sufficient information or knowledge to form a belief as to the veracity of said allegations and, therefore, denies same.  Influential Partners further responds that any letter speaks for itself.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

56.     Insofar as the allegations in Paragraph 56 of the Second Amended Complaint are

legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

57.    Insofar as the allegations in Paragraph 57 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

58.    The allegations of Paragraph 58 are legal arguments and conclusions to which no response is required.  Defendant further responds that the terms of the mortgage note between the Plaintiffs and Influential Partners speak for themselves.  Insofar as the allegations in Paragraph 58 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

59.    Influential Partners admits that the mortgage note between the Pasquales and Influential Partners purports to be executed by Plaintiffs.  Insofar as the allegations in Paragraph 59 of the Second Amended Complaint are not directed to Influential Partners and/or contain legal arguments and conclusions, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

60.    Influential Partners denies the allegations of Paragraph 60 of the Second Amended Complaint.

61.    Influential Partners denies the allegations of Paragraph 61 of the Second Amended Complaint and leaves Plaintiffs to their proofs.  Influential Partners lacks sufficient knowledge to form a belief as to the veracity of the allegations contained in Footnote 1 to Paragraph 61 of the Second Amended Complaint.

62.     Insofar as the allegations in Paragraph 62 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

63.     Influential Partners admits that it issued a check, by and through its attorney, Patricia A. Fitz Gerald,  in the amount of $40,222.08 to the order of Church Alive, a/k/a Randolph Christian Church, on March 23, 2010 at Plaintiffs' request for the purpose of the payoff of a mortgage given by Plaintiffs to the aforementioned church. Influential Partners further admits that it issued a check, by and through its attorney, Patricia A. Fitz Gerald, in the amount of $2,317.94 to the order of Ronald Pasquale and Colleen M. Pasquale dated March 23, 2010. Defendant further responds that the terms of the mortgage note between the Plaintiffs and Influential Partners speak for themselves.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

64.     Insofar as the allegations in Paragraph 64 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

65.     Insofar as the allegations in Paragraph 65 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

66.     Insofar as the allegations in Paragraph 66 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Paragraph 66 refers to a document the existence of which is at present unknown to Influential Partners and which is not attached to the Second Amended Complaint.  Except as so stated, Influential Partners denies the allegations

14

of said paragraph of the Second Amended Complaint.

67.     Insofar as the allegations in Paragraph 67 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Paragraph 67 refers to a document the existence of which is at present unknown to Influential Partners and which is not attached to the Second Amended Complaint.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

68.     Insofar as the allegations in Paragraph 68 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Paragraph 68 refers to a document the existence of which is at present unknown to Influential Partners and which is not attached to the Second Amended Complaint.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

69.     Insofar as the allegations in Paragraph 69 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

70.     Insofar as the allegations in Paragraph 70 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

71.     Insofar as the allegations in Paragraph 71 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

72.     Insofar as the allegations in Paragraph 72 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated,

Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

73.     Influential Partners denies the allegations of Paragraph 73 of the Second Amended Complaint.

74.     Influential Partners denies the allegations of Paragraph 74 of the Second Amended Complaint.

75.     Insofar as the allegations in Paragraph 75 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

76.     Insofar as the allegations in Paragraph 76 and Footnote 2 of Paragraph 76 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

77.     Insofar as the allegations in Paragraph 77 and subparts (a) through (l) of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Defendant further responds that the terms of the mortgage note between the Plaintiffs and Influential Partners speak for themselves.  Except as so stated, Influential Partners denies the allegations of Paragraph 77 and subparts (a) through (l) of the Second Amended Complaint.

78.     Insofar as the allegations in Paragraph 78 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

79.     Insofar as the allegations in Paragraph 79 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated,

Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

80.     Insofar as the allegations in Paragraph 80 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

81.     Insofar as the allegations in Paragraph 81 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

82.     Insofar as the allegations in Paragraph 82 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

83.     Insofar as the allegations in Paragraph 83 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

84.     Influential Partners denies the allegations of Paragraph 84 of the Second Amended Complaint.

85.     Influential Partners denies the allegations of Paragraph 85 of the Second Amended Complaint.

86.     Insofar as the allegations in Paragraph 86 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

87.     Defendant Influential Partners lacks sufficient information or knowledge to form a belief as to the veracity of the allegations contained in Paragraph 87 and Footnote 3 to

Paragraph 87 concerning the Plaintiffs' actual and/or ascertainable damages and dispute the balance due on the mortgage note.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

88.     Influential Partners admits that, prior to the filing of this lawsuit, on November 25, 2015 and December 23, 2015 it waived its claim to any amount beyond $42,540.02, and that confirmation of said waiver was stated in court.

89.     Insofar as the allegations in Paragraph 86 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

90.     Insofar as the allegations in Paragraph 90 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

91.     Insofar as the allegations in Paragraph 91 and footnote 4 to Paragraph 91 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

92.     Insofar as the allegations in Paragraph 92 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

93.     Insofar as the allegations in Paragraph 93 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

94.     Insofar as the allegations in Paragraph 94 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

95.     Insofar as the allegations in Paragraph 95 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

96.     Influential Partners admits that following default, Defendant Influential Partners authorized Attorney Fitz Gerald to commence foreclosure proceedings against the Plaintiffs. Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

97.     Defendant Influential Partners admits that following default, Defendant Influential Partners authorized Attorney Fitz Gerald to commence foreclosure proceedings against the Plaintiffs.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended.

98.     Defendant Influential Partners admits that following default, Defendant Influential Partners authorized Attorney Fitz Gerald to commence foreclosure proceedings against the Plaintiffs.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended

99.     The Notices of Intention to Foreclose are documents which speak for themselves. Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

100.     Insofar as the allegations in Paragraph 100 of the Second Amended Complaint

19

are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

101.   The Notices of Intention to Foreclose are documents which speak for themselves.  Except as so stated, Influential Partners denies the allegations of Paragraph 101 of the Second Amended Complaint.

102.   The Notices of Intention to Foreclose are documents which speak for themselves.  Except as so stated, Influential Partners denies the allegations of Paragraph 102 of the Second Amended Complaint.

103.   The Notices of Intention to Foreclose are documents which speak for themselves.  Except as so stated, Influential Partners denies the allegations of Paragraph 103 of the Second Amended Complaint.

104.   Insofar as the allegations in Paragraph 104 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

105.   Insofar as the allegations in Paragraph 105 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Insofar as the allegations in Paragraph 105 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

106.   Insofar as the allegations in Paragraph 106 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Insofar as the allegations in Paragraph 106 of the Second Amended Complaint are not directed to Influential Partners, no

response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

107.   Insofar as the allegations in Paragraph 107 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Insofar as the allegations in Paragraph 107 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

108.   Insofar as the allegations in Paragraph 108 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Insofar as the allegations in Paragraph 108 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

109.   Insofar as the allegations in Paragraph 109 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Insofar as the allegations in Paragraph 109 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   The Notices of Intention to Foreclose are documents which speak for themselves.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

110.   Insofar as the allegations in Paragraph 110 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Insofar as the allegations in Paragraph 110 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   The Notices of Intention to Foreclose are documents which speak for

themselves.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

111.    Insofar as the allegations in Paragraph 111 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Insofar as the allegations in Paragraph 111 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

<div align="center">

**AS TO FIRST CLAIM FOR RELIEF**
**Violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq.**
**(Against Defendant Fitz Gerald)**

</div>

112.    In response to the allegations set forth in Paragraph 112 of the Second Amended Complaint, Defendant repeats and reiterates its responses to the allegations in the preceding paragraphs above as if fully restated herein.

113.    Insofar as the allegations in Paragraph 113 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Insofar as the allegations in said paragraph of the Second Amended Complaint are not directed to Influential Partners, no response is required.

114.    Defendant Influential Partners admits that following default, Defendant Influential Partners authorized Attorney Fitz Gerald to commence foreclosure proceedings against the Plaintiffs.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended

115.    Insofar as the allegations in Paragraph 115 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Insofar as the allegations

in said paragraph of the Second Amended Complaint are not directed to Influential Partners, no response is required.

116.    Insofar as the allegations in Paragraph 116 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Paragraph 116 refers to a document which is not attached to the Second Amended Complaint.  Except as so stated, Influential Partners denies the allegations of said paragraph of the Second Amended Complaint.

117.    Insofar as the allegations in Paragraph 117 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Insofar as the allegations in said paragraph of the Second Amended Complaint are not directed to Influential Partners, no response is required.

118.    Influential Partners lacks sufficient information or knowledge to form a belief as to the veracity of said allegations and, therefore, denies same.

119.    Insofar as the allegations in Paragraph 119 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Insofar as the allegations in said paragraph of the Second Amended Complaint are not directed to Influential Partners, no response is required.

<div align="center">

**AS TO SECOND CLAIM FOR RELIEF**
**Violation of the New Jersey Consumer Fraud Act, 56:8-1 et seq.**

</div>

120.    In response to the allegations set forth in Paragraph 120 of the Second Amended Complaint, Defendant repeats and reiterates its responses to the allegations in the preceding paragraphs above as if fully restated herein.

121.    Insofar as the allegations in Paragraph 121 of the Second Amended Complaint

<div align="center">23</div>

are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

122.    The allegations set forth in Paragraph 122 of the Second Amended Complaint are vague, ambiguous and incapable of a complete response as the meaning of "were of the type held out to the general public" is not described or defined.   Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

123.    Insofar as the allegations in Paragraph 123 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.   Insofar as the allegations in said paragraph of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Influential Partners lacks sufficient information or knowledge to form a belief as to the veracity of said allegations and, therefore, denies same.

124.    Insofar as the allegations in Paragraph 124 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

125.    Influential Partners admits that it entered into a business mortgage loan with Plaintiffs.  Insofar as the allegations in Paragraph 125 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

126.    Insofar as the allegations in Paragraph 126 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

127.    Insofar as the allegations in Paragraph 127 of the Second Amended Complaint

are legal arguments and conclusions to which no response is required.  Insofar as the allegations in said paragraph of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

128.    Insofar as the allegations in Paragraph 128 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

129.    Insofar as the allegations in Paragraph 129 of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

130.    The allegations set forth in Paragraph 130 of the Second Amended Complaint are vague, ambiguous and incapable of a complete response as the alleged loan is not described and "construct" is undefined.   Insofar as the allegations in said paragraph of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

131.    Insofar as the allegations in Paragraph 131 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Insofar as the allegations in said paragraph of the Second Amended Complaint are not directed to Influential Partners, no response is required.   Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

132.    Insofar as the allegations in Paragraph 132 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated,

Defendant denies the allegations of said paragraph of the Second Amended Complaint.

133.    Insofar as the allegations in Paragraph 133 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

134.    Insofar as the allegations in Paragraph 134 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

<div align="center">

**AS TO THIRD CLAIM FOR RELIEF**
**Violations of the TCCWNA, N.J.S.A. § 56:12-1**
**(Against Defendant Influential Partners)**

</div>

135.    In response to the allegations set forth in Paragraph 135 of the Second Amended Complaint, Defendant repeats and reiterates its responses to the allegations in the preceding paragraphs above as if fully restated herein.

136.    Insofar as the allegations in Paragraph 136 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

137.    Insofar as the allegations in Paragraph 137 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

138.    Influential Partners admits that it entered into a business mortgage loan with Plaintiffs but denies that the purpose of the loan was consumer in nature.  Insofar as the allegations in Paragraph 138 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the

allegations of said paragraph of the Second Amended Complaint.

139.    Insofar as the allegations in Paragraph 139 of the Second Amended Complaint are legal arguments and conclusions to which no response is required. Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

140.    Insofar as the allegations in Paragraph 140 of the Second Amended Complaint are legal arguments and conclusions to which no response is required. Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

141.    Influential Partners admits that it entered into a business mortgage loan with Plaintiffs but denies that the purpose of the loan was consumer in nature. Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

142.    Influential Partners admits that it entered into a business mortgage loan with Plaintiffs but denies that said contract was a consumer contract. Insofar as the allegations in Paragraph 142 of the Second Amended Complaint are legal arguments and conclusions to which no response is required. Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

143.    Insofar as the allegations in Paragraph 143 of the Second Amended Complaint are legal arguments and conclusions incorporating by reference legal arguments and conclusions set forth in Paragraph 77 of the Second Amended Complaint, no response is required and Defendant refers to its response to Paragraph 77 of the Second Amended Complaint set forth above. Except as so stated, Defendant denies the allegations of Paragraph 143 of the Second Amended Complaint.

144.    Insofar as the allegations in Paragraph 144 of the Second Amended Complaint

are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

145.   Insofar as the allegations in Paragraph 145 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

146.   Insofar as the allegations in Paragraph 146 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint.

147.   Insofar as the allegations in Paragraph 147 of the Second Amended Complaint are legal arguments and conclusions to which no response is required.  Except as so stated, Defendant denies the allegations of said paragraph of the Second Amended Complaint. Defendant further denies the appropriateness or permissibility of the relief sought in Paragraph 147 of the Second Amended Complaint, and deny that Plaintiff is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Influential Partners, L.L.C. demands judgment dismissing all of the Second Amendment Claims for Relief that are pled against it, with prejudice, with costs and fees taxed to Influential Partners, L.L.C. and against Plaintiffs.

## AS TO THE JURY DEMAND

To the extent that plaintiffs assert a claim for equitable remedies based upon N.J.S.A. 56:8-1 and N.J.S.A. 56:12-1, plaintiffs are not entitled to a jury trial.

## AFFIRMATIVE DEFENSES

28

## FIRST AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiffs' Second Amended Complaint fail to state a claim upon which relief may be granted against Defendant Influential Partners.

## SECOND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiffs' Second Amended Complaint are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiffs' Second Amended Complaint are barred by the entire controversy doctrine, Rule 4:30A.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiffs' Second Amended Complaint are barred in whole or in part by the doctrines of release, payment, accord and satisfaction, acquiescence, waiver, estoppel, unclean hands, laches, set-off, recoupment and/or other credit.

## FIFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, because all of Defendant Influential Partners' actions concerning Plaintiffs were consistent with the laws governing business loans, and all other applicable laws, and were based on legitimate business-related reasons.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert some or all of the claims asserted in Plaintiffs' Second Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the New Jersey Consumer Fraud Act and the New Jersey Truth in

Consumer Warranty and Contract Act are barred because the underlying mortgage loan transaction was not a consumer contract.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish a causal connection between any damages as alleged and any improper conduct on the part of Influential Partners.

### NINTH AFFIRMATIVE DEFENSE

If any improper or illegal acts were taken by other Defendants against Plaintiffs, it was outside the scope of any authorization from Influential Partners and were not ratified, confirmed or approved by Influential Partners.  Thus, any such actions cannot be attributed or imputed to Influential Partners.

### TENTH AFFIRMATIVE DEFENSE

Any improper or illegal actions by other Defendants were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Influential Partners and thus cannot be attributed or imputed to Influential Partners.

### ELEVENTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiffs' Complaint may be barred in whole or in part due to after-acquired evidence.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by their failure to mitigate damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not suffer any damages attributable to any actions of Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any injury caused to Plaintiffs was due in whole or in part to Plaintiffs' own actions, inaction, and /or actions by other parties over which Influential Partners had not control or responsibility.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs claims are barred by their failure to join indispensable parties: J.B.S. Investments, Inc. and Church Alive, a/k/a Randolph Christian Church.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages is barred by applicable law and, in any event, would violate the due process clause of the United States Constitution and the Constitution of New Jersey.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Influential Partners is not liable for punitive damages under state law, because it did not commit any act with malice or reckless indifference to Plaintiffs' state protected rights, or approved, authorized or ratified or had actual knowledge of any such acts.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant Influential Partners is not liable for punitive damages because any agent who allegedly violated Plaintiffs' legal rights was not an authorized agent for said purposes and/or was not acting within the scope of his or her agency.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Second Amended Complaint are frivolous within the meaning of the New Jersey Frivolous Claim Act, N.J.S.A. 2A:15-59.1.

## TWENTIETH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiffs' Second Amended Complaint are barred under principles of abstention.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiffs' Second Amended Complaint are barred by the Rooker-Feldman doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiffs' Second Amended Complaint are barred by the doctrines of issue and claim preclusion.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a jury trial on their claims for equitable relief.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to show any entitlement to the remedy of injunctive relief in that it fails to allege continuing acts, a threat of irreparable harm, or a reasonable likelihood of repetition.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert a claim for injunctive relief under the New Jersey Consumer Fraud Act.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant Influential Partners denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Pasquales' claims pled against Influential Partners, L.L.C. are barred because of

Pasquales' own wrongful conduct, such that they are estopped from proceeding with their claims plead against Influential Partners, L.L.C.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to rely upon any and all further defenses that become available or appear during discovery or practical proceedings in this action, and hereby specifically reserve the right to amend this Answer for the purpose of asserting additional defenses.

WHEREFORE, Defendant Influential Partners demands judgment dismissing Plaintiffs' Second Amended Complaint in its entirety, with prejudice, and granting them costs and fees incurred in defending this action.

## CROSS-CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION

While denying that it is in any way obligated or liable for the claims asserted by the Plaintiffs in the Complaint, by reason of the acts of co-defendants, or other defendants that may be added, and pursuant to the provisions of the Joint Tortfeasor's Contribution Law, N.J.S.A. 2A:53a-1 et seq. and pursuant to the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq., defendant Influential Partners, L.L.C. states that any obligation or liability imposed upon it to respond in damages is as a result of the liability of other co-defendants against whom this crossclaim for contribution and indemnification is asserted.

WHEREFORE, defendant, Influential Partners, L.L.C., demands judgment for contribution and indemnification against co-defendants, and other defendants subsequently added, together with costs of suit, interest and attorneys' fees.

## COUNTERCLAIMS

Defendant Influential Partners, L.L.C., by way of Counterclaims against the Plaintiffs,

Ronald Pasquale and Colleen Pasquale, says:

## FRAUD

1.     In early 2010, Plaintiffs Ronald Pasquale (a/k/a Ronald P. Pasquale) and Colleen Marie Pasquale sought a secondary mortgage loan from Defendant Influential Partners, L.L.C.

2.     Prior to the loan closing on March 18, 2010, Influential Partners, L.L.C., by and through its sole member, Dennis Rodriguez, received and reviewed a Title Policy obtained by defendant Influential Partners' attorney, co-defendant Patricia A. Fitz Gerald, concerning the property to be mortgaged:  771 Maple Avenue, Brick, New Jersey ("the Property").

3.     The lien and judgement search revealed that there were several judgments against Ronald Pasquale including Judgment Number DJ-313955-1995 in favor of creditor Jersey Central Power and Light against a judgment debtor described as "Ronald Pasquale" whose address was listed as 1114 Knollwood Drive, Middletown, New Jersey 07748.

4.     The mortgage loan transaction was closed on March 18, 2010.  At the closing, Plaintiff Ronald Pasquale executed a sworn Affidavit of Title intentionally misrepresenting that he had not allowed any interest to be created which affected Plaintiffs' ownership interest in the Property, and intentionally misrepresenting that there were no pending judgments against them which could be enforced against the subject Property located at 771 Maple Avenue, Brick, New Jersey.  (See Attachment A, Affidavit of Title).  The Plaintiffs further swore that all liens on the attached judgment or lien search were not against them, but against others with similar names. The Plaintiffs further acknowledged under oath as follows:  "we make this Affidavit in order to obtain the Mortgage Loan.  We are aware that our lender will rely on our truthfulness and the statements made in this Affidavit."

5.   Following the filing of the Complaint in this matter and during the course of discovery, Defendant Influential Partners, L.L.C. propounded a Request for Admissions pursuant to Fed. R. Civ. Proc. 36 on Plaintiff Ronald Pasquale.  On June 24, 2016 Plaintiff Ronald Pasquale now admitted in his Response to Defendant's Request for Admissions that he formerly resided at 1114 Knollwood Drive, Middletown, New Jersey 07748.  (See Attachment B, Response to Request for Admissions).

6.   Plaintiff Ronald Pasquale's June 24, 2016 admission materially conflicts with his prior sworn Affidavit of Title executed on March 18, 2010 in which he disclaimed liability for a judgment against a "Ronald Pasquale" residing at 1114 Knollwood Drive, Middletown, New Jersey.

7.   Plaintiff Ronald Pasquale's June 24, 2016 admission reveals that on the March 18, 2010 Affidavit of Title Plaintiff Ronald Pasquale intentionally misrepresented his liability for Judgment Number DJ-313955-1995 with the intent to deceive Defendant Influential Partners and induce Defendant Influential Partners to enter into a mortgage loan transaction with the Plaintiffs.

8.   Defendant Influential Partners, L.L.C. believed and relied on the truthfulness of Plaintiffs' representations in the Affidavit of Title and would not have entered into the mortgage loan transaction on March 18, 2010 had it known that there were outstanding liens or judgments against the property located at 771 Maple Avenue, Brick New Jersey for which Ronald Pasquale was responsible.

9.   Since commencement of the instant litigation, Defendant Influential Partners has also learned that in or around 1995, Plaintiff Colleen Pasquale, née Colleen Marie Garvey, also resided at 1114 Knollwood Drive, Middletown, New Jersey.

10.   As a co-signator to the Affidavit of Title, Plaintiff Colleeen Pasquale knew that her husband, Ronald Pasquale, was knowingly and falsely denying liability for Judgment Number DJ-313955-1995.

11.   Colleen Pasquale had a duty to disclose that her husband's denial of Judgment Number DJ-313955-1995 was false and, instead, Colleen Pasquale remained silent in order to fraudulently induce Influential Partners, L.L.C. to enter into a mortgage loan transaction with the Plaintiffs.

12.   Plaintiffs Ronald Pasquale and Colleen Pasquale are liable to Defendant Influential Partners, L.L.C. for damages for intentional misrepresentation.

13.   To wit, by virtue of the fraudulent and otherwise wrongful actions described above, the Plaintiffs jointly, severally, and/or each independently, intended to and did in fact fraudulently induce Defendant, Influential Partners, L.L.C., to extend a total of $42,540.02 in credit to the Plaintiffs as provided for in the March 18, 2010 mortgage loan transaction.   From the aforementioned total, $2,317.94 was extended directly to the Plaintiffs, and $40,622.08 was extended to satisfy and discharge Plaintiffs' 2008 secondary mortgage loan held by Church Alive, Inc.

14.   With the exception of a small payment in the amount of $231.02 in September 2010, the Plaintiffs have not repaid the March 18, 2010 mortgage loan.

15.   Defendant Influential Partners also incurred unnecessary closing costs that would not have been incurred but for Plaintiffs' fraudulent inducement including but not limited to the following:

$145.00 - recording fees;

$25.00 - notice of settlement

$400.00 - settlement agent's fee

Total:   $570.00.

16.   Defendant Influential Partners has further been deprived of the use of its money for an extended duration.

**EQUITABLE FRAUD**

17.   Defendant repeats the allegations set forth in the preceding paragraphs as if fully set forth herein.

18.   By virtue of the fraudulent and wrongful actions described above, the Plaintiffs, jointly, severally and/or each independently, committed equitable fraud against Defendant Influential Partners, including making false, fraudulent and material misrepresentations and/or omissions and/or deliberately deceiving Defendant Influential Partners, L.L.C. in connection with the execution of the March 18, 2010 mortgage loan transaction.

19.   Defendant Influential Partners, L.L.C. relied upon, and was reasonably relying upon, the false, fraudulent and material misrepresentations and omissions and/or deliberately deceptive actions of the Plaintiffs.

20.   But for the fraudulent and otherwise wrongful actions of the Plaintiffs, Defendant Influential Partners, L.L.C. would not have entered into the March 18, 2010 mortgage loan transaction.

21.   As a result of the Plaintiffs' fraudulent and otherwise wrongful actions, Defendant Influential Partners has sustained and will continue to sustain substantial damages.

**UNJUST ENRICHMENT**

37

**(As to Plaintiffs Ronald Pasquale and Colleen Pasquale)**

22.  Defendant repeats the allegations set forth in the preceding paragraphs as if fully set forth herein.

23.  Plaintiffs, jointly, severally and/or each independently, have been unjustly enriched by receiving the benefits of the March 18, 2010 mortgage loan from Defendant Influential Partners which: (a) paid for Plaintiffs' closing expenses; (b) paid off Plaintiffs' prior mortgage loan assigned to Church Alive, Inc. in the amount of $40,622.08; (c) provided new funds to the Plaintiffs in the amount of $2,317.94; and (d) enabled Plaintiffs to use Defendant Influential Partners' assets for an extended duration without repayment.

24.  The Plaintiffs' unjust enrichment gives cause for a judgment requiring disgorgement of the monetary benefits Plaintiffs received.

25.  As a result of the unjust enrichment enjoyed by Plaintiffs, Defendant Influential Partners, L.L.C., has sustained and will continue to sustain substantial damages.

WHEREFORE, Defendant Influential Partners respectfully requests that the Court enter judgment in its favor against all Plaintiffs, jointly and severally, and in the alternative, as follows:

**For the First Cause of Action - Fraudulent Inducement**

A.      Rescission of the March 18, 2010 mortgage loan transaction and return to the *status quo ante*;

B.      Restitution of all monies paid to or on behalf of the Pasquales;

C.      Actual, consequential and compensatory damages including but not limited to all attorneys fees and costs incurred as a result of the aforementioned fraudulent inducement;

38

E.      Prejudgment interest according to the maximum rate of interest permitted under law;

F.      Attorneys fees and costs of suit;

G.      For any further relief the court and/or jury deems equitable and just.

**For the Second Cause of Action - Equitable Fraud**

A.      Rescission of the March 18, 2010 mortgage loan transaction and return to the *status quo ante*;

B.      Restitution of all monies paid to or on behalf of the Plaintiffs;

C.      Prejudgment interest;

D.      For any further relief the court deems equitable and just.

**For the Third Cause of Action - Unjust Enrichment**

A.      Restitution of all monetary benefits received by Plaintiffs or expended by Influential Partners , L.L.C. on behalf of Plaintiffs;

B.      Prejudgment interest;

C.      Costs of Suit;

D.      For any further relief the court and/or jury deems equitable and just.

<div align="center">

**JURY DEMAND**

</div>

Defendant Influential Partners, L.L.C. hereby demands a trial by jury as to all issues so triable.

<div align="center">

**DESIGNATION OF TRIAL COUNSEL**

</div>

Jacqueline B. Bittner, Esq. is hereby designated as trial counsel for Defendant Influential Partners, L.L.C.

s/ Jacqueline B. Bittner
Jacqueline B. Bittner
Law Offices of Jacqueline B. Bittner
40 Fayette Street, No. 63
Perth Amboy, NJ 08861
(732) 324-7415
Attorney for Defendant
Influential Partners, L.L.C.

Dated: June 30, 2016

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

The undersigned certifies under penalty of perjury that, to the best of her knowledge, the

matter in controversy is not the subject of any other action pending in any court or of any pending

arbitration or administrative proceeding.

s/ Jacqueline B. Bittner
Jacqueline B. Bittner
Law Offices of Jacqueline B. Bittner
40 Fayette Street, No. 63
Perth Amboy, NJ 08861
(732) 324-7415
Attorney for Defendant
Influential Partners, L.L.C.

Executed in Perth Amboy, New Jersey pursuant to 28 U.S.C. §1746 this 30th day of June, 2016.

# EXHIBIT A

## AFFIDAVIT OF TITLE

State of New Jersey, County of Ocean                                              SS.:

Ronald Pasquale and Colleen M. Pasquale, Husband and Wife, say(s) under oath:

1. **Representations.** If only one person signs this Affidavit the words "we", "us" and "our" shall mean "I", "me" and "my". The statements in this Affidavit are true to the best of our knowledge, information and belief.

2. **Name, Age and Residence.** We have never changed our names or used any other names. We are citizens of the United States and at least 18 years old. We live at 771 Maple Avenue, Township of Brick, County of Ocean and State of New Jersey 08724.

3. **Ownership and Possession.** We own the property located 771 Maple Avenue, Township of Brick, County of Ocean and State of New Jersey called "this Property".

We now Mortgage this property to Influential Partners, LLC.

The date of the Mortgage is the same as this Affidavit. This Mortgage is given to secure a loan of $49,500.00. We are in sole possession of this Property. There are no tenants or other occupants of this Property. We have owned this Property since December 30, 2004. Since then no one has questioned our ownership or right to possession. We have never owned any Property which is next to this Property.

4. **Improvements.** No additions, alterations or improvements are now being made or have been made to this property since four months past. We have always obtained all necessary permits and Certificates of Occupancy. All charges for municipal improvements such as sewers, sidewalks, curbs or similar improvements benefiting this property have been paid in full. No building, addition, extension or alteration on this Property has been made or worked on within the past four months. We are not aware that anyone has filed or intends to file a mechanic's lien, Notice of Unpaid Balance and Right to File Lien Claim, construction lien or building contract relating to this Property. No one has notified us that money is due and owing for construction, alteration or repair work on this Property.

5. **Liens or Encumbrances.** We have not allowed any interests (legal rights) to be created with affect our ownership of use of this Property. No other persons have legal rights in this Property, except the rights of utility companies to use this property along the road or for the purpose of serving this Property. There are no pending lawsuits or judgements against us or other legal obligations which may be enforced against this Property. No bankruptcy or insolvency proceedings have been started by or against us. We have never been declared bankrupt. No one has any security interest in any personal Property or fixtures on this Property. All liens (legal claims, such as judgments) listed on the attached judgment or lien search are not against us, but against others with similar names.

6. **Marital History.** (Check where appropriate)
   [ ] We are not married.
   [X] We are married to each other. We were married on _9/13/98_. The maiden name of Colleen M. Pasquale was _Harvey_.
   [ ] This Property has never been occupied as the principal matrimonial residence of any of us. (If it has, or if it was acquired before May 28, 1980, each spouse must sign the Mortgage and Affidavit N.J.S.A 3B:28-2.3.)
   [X] Our complete marital history is listed above except as listed below under paragraph 7. This includes all marriages not listed above, and any pending matrimonial actions. We include how each marriage ended. We have attached copies of any death certificates and judgements for divorce or annulment including any provisions in these judgments which relate to this Property.

7. **Exceptions and Additions.** The following is a complete list of exceptions and additions to the above statements. This includes all liens or Mortgages which are not being paid off as a result of this Mortgage, as well as marital information not particularly set forth in paragraph 6 above. Our first Mortgage with Countrywide Home Loans is not being paid off. The mortgage with Influential Partners, LLC is a second mortgage.

8. **Child Support.**
   [X] There are no outstanding child support orders or judgments against this deponent.
   [ ] There is a child support order outstanding. Docket No.    against this deponent. All payments however, are current as of this date.

9. **Reliance.** We make this Affidavit in order to obtain the Mortgage Loan. We are aware that our lender will rely on our truthfulness and the statements made in this Affidavit.

10. **Home Equity Loans/Open End Loans:** If any mortgage lien on the subject property is a Home Equity Credit Line/Open End Loans, we certify that the payoff collected by the closing agent is the correct and full amount due. There are no outstanding uncollected checks or outstanding bank charges, interest, etc., as of the date of closing. I

PF00209

have directed the Mortgagee to close the account and cancel the mortgage.

**11. Dues & Assessments.**
    [   ] All condominium, Lake Association or Club fees have been paid through the closing date.
    [ X ] This property is not subject to any mandatory Condominium, Lake Association or Club fees.

**12.** The grantor(s)/mortgagor(s) have been advised that recognizances and/or abstracts of recognizances of bail are not being indexed among the records of the County Clerk/Register and that the title company is unable to search the land records for these items. Knowing that the title company, purchasers and/or mortgagee will rely on the truthfulness of this statement, the undersigned hereby certify that there are no recognizances filed against the undersigned as either principal or surety on the property which is the subject of this transaction.

Signed and sworn to before me on
this 18th day of March, 2010.

Ronald Pasquale

Colleen M. Pasquale

Patricia A. Fitz Gerald
An Attorney at Law of New Jersey
Lender's Attorney

CHARLES JONES
JUDGMENT SEARCH
CERTIFIED TO:

NEW JERSEY SUPERIOR COURT,
UNITED STATES DISTRICT COURT AND
UNITED STATES BANKRUPTCY COURT

747-3615-73

RE: TRT3806

TWO RIVERS TITLE COMPANY LLC
26 AYERS LN STE 201
LITTLE SILVER NJ 07739-

SIGNATURE INFORMATION SOLUTIONS LLC HEREBY CERTIFIES THAT IT HAS SEARCHED
THE INDEX OF THE CIVIL JUDGMENT AND ORDER DOCKET OF THE SUPERIOR COURT OF
NEW JERSEY, THE INDEX OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF NEW JERSEY, AND THE INDEX OF THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEW JERSEY AND DOES NOT FIND REMAINING UNSATISFIED OF RECORD
IN ANY OF THESE COURTS A JUDGMENT OR OTHER DOCKETED RECORD REFERRED TO BY
THE RESPECTIVE INDICES WHICH CONSTITUTES A GENERAL LIEN ON REAL PROPERTY
IN NEW JERSEY, NOR ANY CERCLA LIEN ON SPECIFIC REAL PROPERTY WITHIN NEW
JERSEY NOR ANY PETITION COMMENCING PROCEEDINGS IN BANKRUPTCY EXCEPT AS
BELOW SET FORTH AGAINST:

|  | FROM | TO |
|---|---|---|
| RONALD PASQUALE<br>*** With Judgments *** | 03-04-1990 | 03-04-2010 |
| COLLEEN PASQUALE<br>*** Name is CLEAR *** | 03-04-1990 | 03-04-2010 |

(SEE ATTACHED 1 PAGE)

DATED   03-04-2010
TIME    08:45 AM

FEES: $ 20.00
TAX:  $  0.00
TOTAL:$ 20.00

RN10-068-01248  068   0549068 02

CHARLES JONES SEARCH
PROVIDED BY
SIGNATURE INFORMATION SOLUTIONS
P.O. BOX 8488
TRENTON, NJ 08650

PF00211

RN10-068-01248        RE: TRT3806                                1
747-3615-73

SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-009846-1991            CASE NUMBER: W-01729-90
DATE ENTERED: 01/24/91        DATE SIGNED: 01/14/91
TYPE OF ACTION: CONTRACT
VENUE: SOMERSET
                                          DEBT: $      3,653.44

    CREDITOR(S):
        FIRST NATIONAL BANK OF CENTRAL JERSEY
            ATTORNEY: HENRY E. RZEMIENIEWSKI
    DEBTOR(S):
        RONALD PASQUALE
            (No Address)
    PLUS SPECIAL CIVIL PART COSTS
                    ----------------
            *** End of Abstract ***


SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-313955-1995            CASE NUMBER: DC-6544-95
DATE DOCKETED: 12/04/95        DATE OF JUDGMENT IN S.C.P.: 10/02/95
TYPE OF ACTION: CONTRACT
VENUE: MONMOUTH

                                          DEBT: $      2,560.15
                                          COSTS: $       107.20
                                          DCKG: $          5.00
    CREDITOR(S):
        JERSEY CENTAL POWER AND LIGHT
            ATTORNEY: LEE S. DENNISON
    DEBTOR(S):
        RONALD PASQUALE
            1114 KNOLLWOOD DR, MIDDLETOWN, NJ 07748
                    ----------------
            *** End of Abstract ***


UNITED STATES BANKRUPTCY COURT
BANKRUPTCY NUMBER: BK-035027-1994
PETITION FILED: 08/10/94
ORDER FOR RELIEF: 08/10/94                VOLUNTARY
IN THE MATTER OF:                         CHAPTER: 07
        RONALD W. PASQUALE , SSN#:XXX-XX-6841
            700 WASHINGTON AV, LINDEN, NJ 07036
            ATTORNEY: CLAIRE L. PELLERITO-
                    ----------------
TRUSTEE: BUNCE ATKINSON

                            DATE TRUSTEE APPOINTED: 09/01/94
                            DISCHARGE OF BANKRUPT: 11/22/94
FINAL DECREE: 11/28/94
            *** End of Abstract ***

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONALD PASQUALE;                    :
COLLEEN PASQUALE                    :

            Plaintiffs,             : Civil Action No.: 16-00012 (PGS)
                                    :
v.                                  :
                                    :
INFLUENTIAL PARTNERS, LLC;   :
PATRICIA A. FITZ GERALD, ESQ.; :
JACK SWIFT; and JOHN DOES 1-25,:
                                    :
            Defendants.             :

## DEFENDANT INFLUENTIAL PARTNERS' FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF RONALD PASQUALE

TO:    Jeremy M. Glapion, Esq.
       The Glapion Law Firm, L.L.C.
       1704 Maxwell Drive
       Wall, New Jersey 07719
       (732) 455-9737
       Attorney for Plaintiffs

       Defendant hereby requests that Plaintiff Ronald Pasquale admit the truth of each of the

statements on Attachment A.

                                    _____
                                    Jacqueline B. Bittner

Dated: June 24, 2016

## ATTACHMENT A

1.  Ronald Pasquale has resided at 771 Maple Lane, Brick, New Jersey 08724.

Admit _____   Deny __✓__

2.  Ronald Pasquale has resided at 136 Brandywine Court, Brick, New Jersey 08724.

Admit __✓__   Deny _____

3.  Ronald Pasquale has resided at 1114 Knollwood Drive, Middletown, New Jersey 07748.

Admit __✓__   Deny _____

4.  Ronald Pasquale has resided at 132 South Street, Red Bank, New Jersey 07701.

Admit __✓__   Deny _____

5.  Ronald Pasquale has resided at 1500 Green Grove Road, Brick, New Jersey 08723.

Admit __✓__   Deny _____

Dated: __6/24/2016__

*Jeremy Glapion*
Jeremy M. Glapion
Attorney for Plaintiff Ronald Pasquale

## CERTIFICATE OF SERVICE

I hereby certify that Pursuant to Local Rule 5.2, true and correct copies of the following documents:

1)  Defendant Influential Partners' First Request for Admissions to Plaintiff Ronald Pasquale; and

2)  this Certificate of Service,

were served via U.S. Mail to:

Jeremy M. Glapion, Esq.
The Glapion Law Firm, L.L.C.
1704 Maxwell Drive
Wall, New Jersey 07719
(732) 455-9737
Attorney for Plaintiffs

Robert J. Aste, Esq.
Morgan Melhuish Abrutyn
651 West Mount Pleasant Avenue, Suite 200
Livingston, New Jersey 07039
(973) 863-7639
Attorney for Defendant Fitz Gerald

Dated: June 24, 2016

Jacqueline B. Bittner

Home Mail Search News Sports Finance Celebrity Weather Answers Flickr Mobile More

YAHOO! MAIL

All | Search Mail | Search Web | Home | Jacqueline

Compose | Archive | Move | Delete | Spam | More

Inbox (7439)

Re: Pasquale v Influential Partners

People

**Jeremy Glapion** <jmg@glapionlaw.com>

Jacqueline Bittner

Robert J. Aste

Jacqueline:

You can't ever accuse me of not being prompt! Responses attached

Note Request 1 was denied because it's "Maple Avenue" not "Maple Lane." That aside, it would be admitted

Best,
Jeremy

--

**Jeremy M. Glapion**
Partner
jmg@glapionlaw.com | 732.455.9737
Glapion Law Firm | www.glapionlaw.com
1704 Maxwell Drive
Wall, NJ 07719

On Fri, Jun 24, 2016 at 5:17 PM, Jacqueline Bittner <jacquelinebittner@yahoo.com> wrote:

Gentlemen:

See Request for Admissions attached

Thank you.

Jacqueline Bittner

————————————— This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

Complete .pdf

