# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD PASQUALE; COLLEEN PASQUALE,** | Civil Case No.: 16-00012 |
| Plaintiffs, | Hon. Peter G. Sheridan |
| v. | Motion date: August 15, 2016 |
| **INFLUENTIAL PARTNERS, LLC.; PATRICIA A. FITZ GERALD, ESQ.; JACK SWIFT; and JOHN DOES 1-25,** | |
| Defendants. | |

Plaintiffs' Brief in Partial Opposition to Defendant Jack Swift's Motion to Vacate Default Judgment

Plaintiffs do not oppose Defendant Swift's motion to vacate default judgment. What Plaintiffs do oppose, however, is Defendant being permitted to completely and intentionally disregard this litigation for several months, causing the parties to waste time and money, before waltzing into Court as if nothing had happened.

The Supreme Court "has long recognized the inherent power of a federal court to assess attorney's fees when a party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Ettinger v. Assocs. LLC v. Miller*, 529 B.R. 73, 91 (Bankr. E.D. Pa. 2015) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991)). "[I]f a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees against the responsible party, as it may when a party shows bad faith by delaying or disrupting the litigation[.]" *Chambers*, 501 U.S. at 45-46. Thus, for a Court to impose sanctions under its inherent power, it must find that the party against whom sanctions are to be imposed acted in bad faith. *Ettinger*, 529 B.R. at 91. Sanctions must be tailored to address the harm identified, and may be directed at a litigant rather than the litigant's attorney. *See Loatman v. Summit Bank*, 174 F.R.D. 592, 600 (D.N.J. 1997).

Defendant's conduct exhibits quintessential bad faith. Defendant was served personally with process twice: first, on January 29, 2016. (Exhibit A.) Second, on May 6, 2016. (Exhibit B.) The former service cost Plaintiffs $59.95; the latter cost

1

Plaintiffs $59.99. Defendant Swift was also sent two pieces of certified mail, for which he personally signed. (Exhibits C, D.) The first, delivered June 6, contained Plaintiffs' Motion for Entry of Default paperwork, and cost $13.59 to send. The second, delivered June 13, was a Rule 45 subpoena, made necessary only because of Defendant's failure to appear, and cost $13.71 to send. Plaintiffs were also required to prepare the Motion for Entry of Default [Dkt. 28.] This took Plaintiff's counsel 1 hour, which is $400 in attorneys' fees at Plaintiffs' counsel's rate of $400/hour.

      The above is made even more egregious because Defendant *did* participate in this litigation briefly – to submit a declaration on behalf of Defendant Influential Partners. [Dkt. 7-5.] Yet despite that, he chose not to appear to defend himself. Defendant is not an amateur. To the contrary, he is a sophisticated business person who has entered into sophisticated mortgage transactions. Nor is this Defendant's first rodeo in the judicial system. A docket search shows at least six cases in which Defendant's company, JBS Investments, has been involved since 2007, and four more in New Jersey involving a "John B. Swift" since 2009. His argument that he simply did not know he was involved in the case, despite being served twice and included in the caption of the case, does not pass muster.

      Frankly, Plaintiffs believe the above would be sufficient to merit denial of Defendant's Motion to Vacate the Default. Furthermore, neither of the two

2

proposed "meritorious" defenses are actually meritorious. Plaintiffs' claims against Defendant Swift relate to the March 18, 2010 mortgage loan, so the six-year statute of limitations clearly had not expired at the time this case was filed. Plaintiffs' claims are also against Defendant Swift in his personal capacity; failure to join JBS Investments, Inc. is not a meritorious defense to those claims. Nevertheless, as explained, Plaintiffs believe justice would best be served if Defendant Swift were present and accountable. Plaintiffs' simply ask to be made whole for time and money that would not have been spent had Defendant Swift complied with his obligations to the parties and to this Court.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court use its inherent powers to sanction Defendant Jack Swift for its misconduct, and award Plaintiff's counsel $547.24 in costs and fees related to his misconduct in this litigation.

Dated: July 25, 2016	*/s/ Jeremy M. Glapion*

Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com