# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD PASQUALE; COLLEEN PASQUALE,**<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>**INFLUENTIAL PARTNERS, LLC.; PATRICIA A. FITZ GERALD, ESQ.; JACK SWIFT; and JOHN DOES 1-25,**<br><br>　　　　　　　Defendants. | Civil Case No.: 16-00012<br><br>Hon. Peter G. Sheridan |

Application and Affidavit for an Order to Show Cause Why Defendant's Second Amended Answer Should not Be Struck and Why Defendant's Counterclaims Should not be Dismissed as Untimely

1. On May 10, 2016, Defendant, Influential Partners ("Defendant"), filed its answer to Plaintiff's Second Amended Complaint. [Docket Entry 25.]

2. On June 30, 2016, Defendant, with consent of the parties, filed its Amended Answer to Plaintiff's Second Amended Complaint, asserting claims for contribution against the co-defendants and asserting counterclaims against Plaintiffs. [Dkt. 36.]

3. On July 21, 2016, Plaintiffs moved to dismiss the counterclaims as being beyond the statute of limitations. [Dkt. 38.]

4. On August 1, 2016 – Defendant's deadline to oppose Plaintiffs' Motion to Dismiss – Defendant filed a Second Amended Answer, without seeking leave of the parties or the Court as required by Fed. R. Civ. P. 15(a)(2). [Dkt. 41.]

5. Besides being improper, this Second Amended Answer did nothing to address Plaintiffs' arguments about the timeliness of the claims.

6. Instead, this Second Amended Answer added a fourth claim for Breach of Contract.

7. That same evening, Defendant filed a Motion for Summary Judgment on its Equitable Fraud claim – one of the claims that Plaintiffs sought to dismiss as untimely. [Dkt. 43.]

8. Despite being put on notice of the likely untimeliness of this claim, Defendant's Motion for Summary Judgment does not at all address the statute of limitations issue.

9. Thus, not only was Defendant's Second Amended Answer improper (and made solely as part of a poorly thought out plan to moot Plaintiffs' Motion to Dismiss and force its Motion for Summary Judgment in front of the Court before the Court could decide the timeliness of the asserted claims), but Defendant was on notice that its claim was likely time-barred and completely failed to address this issue.

10. While Plaintiff does not seek Rule 11 sanctions at this time, filing a plainly time-barred claim, re-filing that claim in an improperly amended Answer after being put on notice that the claim was likely time-barred, and then moving for summary judgment on one of those time-barred claims *without ever addressing the timeliness of the claim* is conduct that potentially calls for such sanctions. *See, e.g.*, *Slater v. Skyhawk Transp., Inc.*, 187 F.R.D. 185, 199-200 (D.N.J. 1999) (filing of motion to amend complaint to add claim that was barred by the statute of limitations violated Rule 11); *Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080, 1091 (3d Cir. 1988) (filing "of a claim clearly precluded by the statute of limitations … was legally frivolous.").

11. Defendant's conduct has created a convoluted and inefficient posture in this case.

12. Put simply, to undo Defendant's actions via traditional motion practice, Plaintiffs would be required to 1) move to strike Defendant's Second Amended Answer; 2) simultaneously file an opposition to Defendant's Motion for Summary Judgment, which would necessarily include addressing the merits of a claim that is very likely time-barred; and 3) renew their Motion to Dismiss. All three motions would be set for the September 6, 2016 Motion Date.

13. Had Defendant acted properly, none of those three motions would be necessary, and the issue would be heard (and presumably resolved) much sooner. As the docket currently stands, however, they are required, and Plaintiffs' will thus be required to expend significant time and resources unnecessarily.

14. The resources of the parties, the interest of justice, and fairness would best be served by immediately striking Defendant's Second Amended Answer as improperly filed, and addressing the timeliness (or lack thereof) of Defendant's Counterclaims as previously scheduled for August 15, 2016.

I, the undersigned, swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 2, 2016  /s/ *Jeremy M. Glapion*

Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com