MOTION DATE: SEPTEMBER 6, 2016

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD PASQUALE;** **COLLEEN PASQUALE** | Civil Action No.: 16-00012(PGS) |
| Plaintiffs, | |
| | DOCUMENT ELECTRONICALLY FILED |
| v. | |
| **INFLUENTIAL PARTNERS, LLC;** **PATRICIA A. FITZ GERALD, ESQ.;** **JACK SWIFT; and JOHN DOES 1-25,** | |
| Defendants. | |

**DEFENDANT INFLUENTIAL PARTNERS' BRIEF IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR AN ORDER TO SHOW CAUSE**

JACQUELINE B. BITTNER, ESQ.
40 Fayette Street, No. 63
Perth Amboy, New Jersey 08861
Tel:  (732) 324-7415

Attorney for Defendant Influential Partners, L.L.C.

**TABLE OF CONTENTS**

                                                                         **Page**

TABLE OF AUTHORITIES ........................................   ii

PRELIMINARY STATEMENT .......................................   1

FACTUAL STATEMENT ...........................................   2

LEGAL ARGUMENT .............................................    2

I.    DEFENDANT INFLUENTIAL PARTNERS' AMENDED COUNTERCLAIMS
      WERE PROPERLY FILED IN RESPONSE TO A MOTION TO DISMISS
      UNDER RULE 15(a) ......................................    2

II    IP'S AMENDED COUNTERCLAIMS CORRECTED LEGAL DEFECTS
      RELATING TO ITS COUNTERCLAIM FOR UNJUST ENRICHMENT AND
      ADDED A COMPULSORY COUNTERCLAIM FOR BREACH OF CONTRACT..   3

III   DEFENDANT IP'S CLAIMS FOR LEGAL FRAUD, EQUITABLE FRAUD,
      UNJUST ENRICHMENT AND BREACH OF CONTRACT ARE TIMELY
      COMPULSORY COUNTERCLAIMS ..............................    5

IV    IN THE ALTERNATIVE, IF PLAINTIFFS WERE CORRECT, THE
      COURT SHOULD EXERCISE ITS DISCRETION TO GRANT IP
      LEAVE TO AMEND ........................................    11

CONCLUSION .................................................    12

**TABLE OF AUTHORITIES**

                                                      **Page**

Albert Einstein Med. Care Found. v. Nat'l Benefit Fund,
    Civ. A. No. 89-5931, 1991 WL 114614
    (E.D. Pa. June 21, 1991).................................   7

Baker v. Gold Seal Liquors, 417 U.S. 467 (1974).............   6

Burlington Indus. v. Milliken & Co.,
    690 F.2d 380 (4th Cir. 1982)...........................   7

Dole v. Arco Chemical Co., 921 F.2d 484 (3d Cir. 1990).....  11

Employer's Ins. of Wausau v. U.S.,
    764 F.2d 1572 (Fed. Cir. 1985).........................   7

FTC v. Hope Now Modifications, LLC,
    2011 WL 883202 (D. N.J. March 10, 2011)................  11

Giordano v. Claudio, 714 F.Supp. 2d 508 (E.D. Pa. 2010).....  7-10

Grayson v. Mayview State Hosp.,
    293 F.3d 103 (3d Cir. 2002)............................  11

Kirkpatrick v. Lenoir County Bd. of Educ.,
    216 F.3d 380 (4th Cir. 2000)...........................   7

Maersk Line v. Firepower Displays Unlimited, Inc.,
    No. 08-20659, 2008 WL 4926969
    (S.D. Fla. Nov. 17, 2008)..............................   7

Mattel, Inc. v. MGA Entertainment, Inc.,
    782 F.Supp. 2d 911 (C.D. Cal. 2011)....................   7

Meyers v. Heffernan, 470 F.Supp. 2d 637 (D. Del. 2010)......   4

Molnar v. Hedden, 260 N.J. Super. 133 (App. Div. 1992),
    rev'd on other grounds, 138 N.J. 96 (1994)............   7

M.R. v. Ridley Sch. Dist., 744 F.3d 112 (3d Cir. 2014)......   6

Napier v. Thirty or More Unidentified Federal Agents,
    855 F.2d 1080 (3d Cir. 1988) ..........................  9-10

Overton v. Sanofi-Aventis, Case No. 13-5535, 2014 U.S. Dist.
    LEXIS 151243, 2014 WL 5410653 (D.N.J. Oct. 23, 2014)...   4

Slater v. Skyhawk Transp. Inc., 187 F.R.D. 185 (D.N.J. 1999). 10

Technographics, Inc. v. Mercer Corp.,
    142 F.R.D. 429 (M.D. Pa. 1992)......................... 12

Transamerica Occidental Life Ins. Co. v. Aviation Office
    of Am., Inc., 292 F.3d 384 (3d Cir. 2002).............. 6

Walker v. Armco Steel Corp., 446 U.S. 740 (1980)............ 7

WHY ASAP, LLC v. Compact Power,
    461 F. Supp. 2d 308 (D.N.J. 2006)...................... 11

Xerox Corp. v. SCM Corp., 576 F.2d 1057 (3d Cir. 1978)...... 6

Federal Rules

Fed. R. Civ. P. 12 ......................................... 2-3

Fed. R. Civ. P. 13 ......................................... 6

Fed. R. Civ. P. 15 ......................................... 2,5

Other

6 Wright, Miller & Kane, Fed. Prac. & Proc. § 1419 (1990).... 8

**PRELIMINARY STATEMENT**

On August 2, 2016, Plaintiffs filed an Application for an Order to Show Cause based on their mis-perception that Defendant Influential Partners' ("IP's") counsel engaged in violation of the procedural rules when it filed an amended counterclaim which had the effect of mooting plaintiffs' pending motion to dismiss. As a sanction, Plaintiffs seek the extraordinary remedy of striking IP's counterclaims, including claims for legal and equitable fraud. Plaintiffs' Application would not be possible but for its misleading omission that IP amended its counterclaim for unjust enrichment in response to plaintiffs' motion to dismiss.

For the reasons set forth below, Defendant Influential Partners ("IP's") properly filed its August 1, 2016 amendments to counterclaims as provided under the Rules of Court and plaintiffs' Application for an Order to Show Cause is without merit.

**FACTUAL STATEMENT**

On June 30, 2016, and with plaintiffs' written consent, IP filed an Amended Answer with Counterclaims alleging legal fraud, equitable fraud and unjust enrichment. (DE 36). Plaintiffs have never filed a responsive pleading to IP's Counterclaims and their responsive pleading was due on July 21, 2016. At that time, Plaintiffs filed a Rule 12(b) motion to dismiss in lieu of a

responsive pleading alleging defects in IP's counterclaims. On August 1, 2016, IP amended the Counterclaims once as a matter of course by changing its Count for Unjust Enrichment and adding a counterclaim for breach of contract. (DE 41: Second Amended Answer, Counterclaims ¶¶ 22-27). IP also amended the WHEREFORE clause, itemizing the damages and/or relief it was seeking in the counterclaims. (DE 41:, SAA, Counterclaims, page 39). IP made no other amendments. On August 3, 2016, the Honorable Tonianne J. Bongiovanni entered an order barring the parties from filing any additional motions. (DE 47).

## LEGAL ARGUMENT

**I. DEFENDANT INFLUENTIAL PARTNERS' AMENDED COUNTERCLAIMS WERE PROPERLY FILED IN RESPONSE TO A MOTION TO DISMISS UNDER RULE 15(a)**

Rule 12 provides that in response to a pleading, such as an answer to a counterclaim, a Plaintiff may either file an answer under Rule 12(a) or file a motion to dismiss under Rule 12(b).

Rule 15 governs amendments of pleadings, and provides in pertinent part:

(a) Amendments Before Trial

> (1) Amendment as a Matter of Course. <u>A party may amend its pleading once as a matter of course within</u>:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or <u>21 days after service of a motion under Rule 12(b)</u>, (e), or (f), whichever is earlier.

2

>    (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Here, IP's amended counterclaims were timely and properly filed. [DE 41, ¶¶ 22-27]. On June 30, 2016, IP filed an Amended Answer with Counterclaims with Plaintiffs' consent. [DE 36]. Plaintiffs have never filed a responsive pleading to IP's Counterclaims and their responsive pleading was due on July 21, 2016. Instead, Plaintiffs choose to file a Rule 12(b) motion to dismiss alleging defects in IP's counterclaims. On August 1, 2016, IP had two choices: either (1) oppose Plaintiffs' motion to dismiss, or (2) amend the Counterclaims once as a matter of course. IP choose to amend. Thus, contrary to Plaintiffs' assertion, IP's August 1, 2016 filing was proper.

**II. IP'S AMENDED COUNTERCLAIMS CORRECTED LEGAL DEFECTS RELATING TO ITS COUNTERCLAIM FOR UNJUST ENRICHMENT AND ADDED A COMPULSORY COUNTERCLAIM FOR BREACH OF CONTRACT**

On July 21, 2016 Plaintiffs filed a motion to dismiss IP's three counterclaims. [DE 38]. As set forth below, IP amended its counterclaim for unjust enrichment, added a counterclaim for breach of contract, and amended the WHEREFORE clause. IP made no other amendments.

First, Plaintiffs moved to dismiss IP's count for unjust enrichment because the count began with the usual preamble:

>    "17. Defendant repeats the allegations set forth in the preceding paragraphs as if fully set forth herein."

3

(Bittner Decl., Ex A: excerpts from DE 36:  IP's Amended Complaint filed June 30, 2016).  Citing this Court's opinion in Overton v. Sanofi-Aventis, Case No. 13-5535, 2014 U.S. Dist. LEXIS 151243 *23, 2014 WL 5410653 *10 (D.N.J. Oct. 23, 2014), Plaintiffs argued that paragraph 17 of the Counterclaim was improper because "recovery under unjust enrichment may not be had when a valid unrescinded contract governs the rights of the parties." (Bittner Decl. Ex. B: excerpts from DE 38-1, Plaintiffs' Brief in Support of Plaintiffs' Motion to Dismiss at 16).  As explained in Overton this pleading defect would not be fatal to IP's claim for unjust enrichment:

> So long as the claim may be pleaded independently of the breach of contract claim, '[c]ourts have recognized the permissibility of alternative pleading and inconsistent claims.' Id.  In early stages of litigation, leave may be granted to amend a count of a complaint for unjust enrichment so that the claims are alleged independently of any contract-based claims. Id.

Overton, 2014 WL 5410653 *10 (citing Meyers v. Heffernan, 740 F.Supp. 2d 637, 655 (D. Del. 2010).

    Consistent with Overton, on August 1, 2016, IP amended the Counterclaim "once as a matter of course" in lieu of opposing the motion to dismiss as permitted under Rule 15(a).  Contrary to plaintiffs' assertion (DE 45:  OSC Application, ¶ 4), under Rule 15(a)(1)(B) IP did not require the consent of counsel to file an amended pleading.  IP amended former paragraph 17 to read as

4

follows:

> 27. With the exception of those allegations regarding fraud in the inducement of and/or breach of contract, Defendant incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein. In the event that the written mortgage contract between the parties is rescinded, or is determined to be unenforceable, Defendant Influential Partners pleads the following in the alternative.

(Bittner Decl. Ex. 3: underlined excerpts from DE 41, IP's Second Amended Answer with Amended Counterclaims).

Second, IP added a new count for breach of contract. [DE 41: Counterclaims, Count III, ¶¶ 22-26. (Bittner Decl. Ex. 3: underlined excerpts from DE 41, IP's Second Amended Answer).

None of these amendments were in violation of Rule 15.

**III. DEFENDANT IP'S CLAIMS FOR LEGAL FRAUD, EQUITABLE FRAUD, UNJUST ENRICHMENT AND BREACH OF CONTRACT ARE TIMELY COMPULSORY COUNTERCLAIMS**

In the case at bar, plaintiffs moved to dismiss all of IP's counterclaims for two reasons: the statute of limitations and technical defects in IP's claim for unjust enrichment. Plaintiffs' counsel complains that IP "did nothing to address Plaintiffs' arguments about the timeliness of the claims." (DE 45, ¶ 5). Under plaintiffs' view of the 2009 amendments to Rule 15, a party faced with a motion to dismiss cannot moot a pending motion to dismiss unless he amends <u>all</u> of the counts for the same reasons given by the challenging party. Rule 15 contains no such limitation.

5

In contrast, IP maintains that no amendment to its counterclaims for legal or equitable fraud was required because each of IP's counterclaims are compulsory.

Rule 13(a) requires a party to "state as a counterclaim any claim that ... arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. A counterclaim is compulsory if "it bears a logical relationship to an opposing party's original claim." Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 389-90 (3d Cir. 2002). A logical relationship exists "where separate trial on each of the claims would involve a substantial duplication of effort and time by the parties and the courts." Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3d Cir. 1978). In determining whether a logical relationship exists, the Court considers whether the counterclaims and original claims involve: (1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties. Id. (citation omitted). The phrase "transaction or occurrence" is read broadly to include "a series of occurrences if they have a logical connection." Baker v. Gold Seal Liquors, 417 U.S. 467, 468 n. 1 (1974). The failure to assert a compulsory counterclaim bars a later independent action on that claim. M.R. v. Ridley Sch. Dist., 744 F.3d 112, 121 (3d Cir.2014) (citing Baker., 417 U.S. at 469 n. 1).

The question of whether, and to what extent, the filing of a complaint tolls or suspends the statute of limitations for compulsory state law counterclaims must be resolved with reference to the applicable state law. Walker v. Armco Steel Corp., 446 U.S. 740, 746, 751-752 (1980) (federal court must apply state law on tolling of statute of limitations). In New Jersey compulsory counterclaims relate back to the filing of the original complaint. See Molnar v. Hedden, 260 N.J. Super. 133, 144-145 (App. Div. 1992), rev'd on other grounds, 138 N.J. 96 (1994). Moreover, the majority view in the federal circuits is that "'the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.'" Giordano v. Claudio, 714 F.Supp. 2d 508, 522-523 (E.D. Pa. 2010) (*quoting* Burlington Indus. v. Milliken & Co., 690 F.2d 380, 389 (4th Cir.1982)); Albert Einstein Med. Care Found. v. Nat'l Benefit Fund for Hosp. & Health Care Employees, Civ. A. No. 89-5931, 1991 WL 114614, at *11 (E.D.Pa. June 21, 1991) (same). See also Kirkpatrick v. Lenoir County Bd. of Educ., 216 F.3d 380, 388 (4th Cir.2000); Employer's Ins. of Wausau v. U.S., 764 F.2d 1572, 1576 (Fed. Cir. 1985) (same); Mattel, Inc. v. MGA Entertainment, Inc., 782 F.Supp. 2d 911 (C.D. Cal. 2011); Maersk Line v. Firepower Displays Unlimited, Inc., No. 08-20659, 2008 WL 4926969 (S.D. Fla. Nov. 17, 2008)(same). The rationale for tolling is as follows:

7

> This approach precludes plaintiff, when the claim and counterclaim are measured by the same period, from delaying the institution of the action until the statute has almost run on defendant's counterclaim so that it would be barred by the time defendant advanced it. Nor is plaintiff apt to be prejudiced by the tolling of the statute, since he presumably has notice at the time he commences his action of any counterclaim arising out of the same transaction as his suit. Moreover, the necessarily close relationship between the timely claim and the untimely counterclaim should insure that the latter is not "stale" in the sense of evidence and witnesses no longer being available; they should be as accessible for adjudicating the counterclaim as they were for the main claim.

6 Wright, Miller & Kane, Fed. Prac. & Proc. § 1419 at 152-153 (1990).

A similar procedural sequence of events arose in Giordano v. Claudio, 714 F.Supp. 2d 508 (E.D. Pa. 2010).  There, Giordano and Claudio collaborated on an academic manuscript suitable for publishing.  On March 26, 2007 Giordano published the article but did not credit Claudio as one of the authors. Id. at 516.  On June 21, 2007 Claudio sent a letter to Temple University asking the University to conduct an inquiry into the reasons why Claudio did not receive authorship credit. Id. On June 23, 2007, Giordano responded to the University and claimed that Claudio's contribution was insufficient to merit authorship credit.  Id. It was undisputed that Claudio had known about Giordano's letter to the University since June 23, 2007.  Id at 523.  Ultimately, the University's investigation concluded that Claudio should have

8

received credit but Giordano still refused. Id. Instead, on June 19, 2008 Giordano timely sued Claudio claiming that his complaint to the University was defamatory. Id. at 523. Nearly two years later, on June 3, 2009, Claudio counterclaimed for commercial disparagement, a cause of action which had a one year statute of limitations. Id. at 522. Giordano moved to dismiss. Id. at 517. The court denied the motion and held that Giordano's complaint tolled the statute of limitations with respect to all of Claudio's compulsory counterclaims. Id at 523.

In contrast, plaintiffs misplace reliance on two cases which pre-date the Rule 2009 amendments to Rule 15 by more than a decade. In Napier v. Thirty or More Unidentified Fed. Agents, Napier's counsel filed essentially identical actions in 1960, 1976 and 1986. 855 F.2d 1080, 1084 (3d Cir. 1988). The District Court dismissed the 1960 action, in part, on grounds of the statute of limitations. The District Court's 1960 judgment became *res judicata*. The Third Circuit held that the District Court did not abuse its discretion in imposing sanctions on Napier's counsel for filing a third frivolous pleading twenty-six years later knowing that the District Court had ruled in 1960 that an essentially identical action was time-barred. Id at 1091.

The issues in Napier are not the same as the issues before the Court now. The Third Circuit's 1986 opinion in Napier had nothing to do with post-2009 Rule 15 amendments. And, unlike

9

Napier, the arguments of plaintiffs' counsel in its recent motion to dismiss are not notice to IP of a District Court ruling.

Plaintiffs analogies fare no better when relying on the District Court's 1999 opinion in Slater v. Skyhawk Transp. Inc. 187 F.R.D. 185 (D.N.J. 1999). There, Slater's counsel moved to amend the complaint to change the name of one of the parties. The District Court entered an Order to Show Cause, *sua sponte*, whether Slater's counsel violated Rule 11 by failing to conduct a reasonable inquiry before filing the motion. Slater's counsel irrationally argued that a deposition conducted on August 19, 1998 informed a pleading he had signed five days before, a physical impossibility. Id. at 188-189. The District Court concluded that Slater's attorney had conducted no inquiry and imposed sanctions. Clearly, neither Napier (1988) or Slater (1999) deal with the post-2009 amendments to Rule 15. Their only connection with the facts of this case is that both cases involve sanctions and the statute of limitations. Procedurally, that is not enough of a logical connection to be relevant here.

In the case at bar, IP's counterclaims for fraud in connection with Plaintiffs' false Affidavit of Title, unjust enrichment and breach of contract arise out of the same March 2010 mortgage loan transaction which is the subject of plaintiffs' complaint. Accordingly, they are compulsory counterclaims. Thus, as in Giordano, the plaintiff's timely

10

complaint tolls the statute of limitations with respect to all of IP's compulsory counterclaims.

## IV. IN THE ALTERNATIVE, IF PLAINTIFFS WERE CORRECT, THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT IP LEAVE TO AMEND

IP is currently barred from filing a motion for leave to amend pursuant to the Magistrate's August 3, 2016 Order prohibiting the filing of any motions. (DE 47).

Plaintiffs urge this court to strike IP's counterclaims without looking at the factual record relating to plaintiffs' alleged fraud. (DE 45: Application for OSC, ¶ 14). However, because striking a pleading is a drastic remedy, motions to strike are highly disfavored. F.T.C. v. Hope Now Modifications, LLC, 2011 WL 883202 at *1 (D.N.J. March, 10 2011) (internal citations omitted).

Under Rule 15(a)(2), a party may amend its pleading with leave of court and the court "should freely give leave when justice so requires." The Third Circuit has taken a liberal approach to allowing amendments under Rule 15 so that claims may be decided on the merits and not on any technicality. WHY ASAP, LLC v. Compact Power, 461 F. Supp. 2d 308, 311 (D.N.J. 2006) (citing Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990)). Absent "undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment," the court should grant leave to amend. WHY ASAP, 461 F. Supp. 2d at 311 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The

rationale for liberal amendment is particularly compelling in the case of compulsory counterclaims because, without the amendments, plaintiffs' claims will be barred. Technographics, Inc. v. Mercer Corp., 142 F.R.D. 429 (M.D. Pa. 1992).

As set forth above, IP did not file its August 1, 2006 amendments to its counterclaims in bad faith or for the purpose of delay. Plaintiffs will not be prejudiced because plaintiffs "presumably [have] notice at the time the action is commenced of any counterclaim arising out of the same transaction as the main claim." 6 Wright & Miller, supra, at § 1419. Moreover, prior to the August 3, 2016 Scheduling Order, the parties were permitted to file motions for leave to amend the pleadings until September 9, 2016. (DE 34).

Accordingly, in the event that the Court should determine that plaintiffs' Amended Counterclaims were improperly filed, IP will seek leave to move to amend the counterclaims consistent with Rule 15's liberal pleading philosophy.

## CONCLUSION

For the foregoing reasons, Influential Partners, L.L.C. respectfully requests that the Court deny Plaintiffs' Application for an Order to Show Cause.

Respecfully submitted,

*s/Jacqueline B. Bittner*
Jacqueline B. Bittner

Dated August 3, 2016